Shohl, P. J.
Peter V. Sherwood filed an action for divorce against his wife in the court of common pleas of Hamilton county. He also asked for an order granting to him custody, care and control of their child. At the conclusion of the trial the presiding judge handed down a memorandum opinion setting forth that plaintiff was entitled to a decree, that no order would be made as to the custody of the child, that plaintiff should pay into court the sum of $10 á week for the support and maintenance of the child, and, further, that the decree for divorce would not be entered of record until the said Peter V. Sherwood should secure the payment of the $10 per week by a bond of $1500, pursuant to Section *404 11979-1, General Code. The plaintiff then tendered an entry without furnishing the bond.' The court refused to sign the order, and thereupon Sherwood brought an action in mandamus in this court to require the trial judge to enter the decree as presented. This court refused the writ, and upon petition in error its judgment was affirmed by the supreme court. See State, ex rel. Sherwood, v. Hoffman, 95 Ohio St., 144. Thereafter, on January 27, 1917, Sherwood gave bond with the Maryland Casualty Company as surety, and the decree of divorce was entered. For more than a year he made the payments stipulated in the bond, but later discontinued payments. Thereupon this action was brought in the court of common pleas upon the bond for the benefit of the child. The answer admits the order of the court and the execution of the bond and alleges that the child Jocelyn E. Sherwood resided with her mother in the state of New York at the time of the decree and is now domiciled there. It sets up that the bond was given under protest, the givihg thereof having been made a condition precedent to the entry of the decree of divorce. The defendant alleges that Section 11979t1, General Code, under and by virtue of which the order of the court of domestic relations was made, is unconstitutional and void, being opposed to the provisions of the Bill of Rights of the Constitution of Ohio and of Section 1, Article XIV of the Constitution of the United States. The reply denies that the bond was given under protest and that the Code section is unconstitutional.
The defendant then moved for judgment on the pleadings. This motion was granted by the court *405 and judgment was entered in favor of the defendant. Plaintiff prosecutes error to this court.
When the matrimonial affairs of Peter V. Sherwood and his wife were before the court it had the power to pass upon the rights of both parents, of the child, and of the state of Ohio. The domicile of the child following that of the father, as a matter of law (19 Corpus Juris, 411, 412, and Toledo Traction Co. v. Cameron, 137 Fed. Rep., 48, 56), and the father being domiciled and residing in Ohio, the court had jurisdiction in the suit brought there by the father to determine the right to custody and the duty to support the minor. Section 16 of the Bill of Rights of the Constitution of Ohio provides:
“All courts shall be open and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.”
It is argued that divorce is a remedy provided by law for the amelioration of injuries suffered by one party to a marriage contract at the hands of the other party, and that by establishing one of the grounds for divorce the party is entitled to have the contract of marriage dissolved. The argument fails to takp into consideration that marital relations are not merely a matter of the rights of parties to a contract. The relation once formed, the law steps in and creates a status and holds the parties to various obligations and liabilities. (Maynard v. Hill, 125 U. S., 190.) The power of the legislature over the subject of marriage as a civil status is unlimited except as restricted by the constitution. The English law concerning divorces, as it existed prior to the *406 Revolution, was the ecclesiastical and not the common law. (Robbins v. Robbins, 140 Mass., 528.) Throughout the United States, and in Ohio, divorce is purely a matter of statute. (Marleau v. Marleau, 95 Ohio St., 162, 164.) The marital status may be abrogated by the sovereign will without regard to the consent of both parties. {Maynard v. Hill, supra.) Nt> person has a vested right in any general rule of law or policy of legislation entitling him to insist that it shall remain unchanged for his benefit. (Chicago & Alton Rd. Co. v. Tranbarger, 238 U. S., 67, 76.) Aman, therefore, does not acquire a vested right to a divorce by reason of the happening of one of the acts set out as a ground therefor in the statute. The legislature might abolish that ground entirely without violation of any constitutional rights. It may impose conditions like that provided in Section 11979-1, General Code. The right to require a bond to be given to secure the performance of the obligations of the father to his minor child, and the reasons supporting such procedure, are illustrated by the cases of Miller v. Miller, 64 Me., 484, and Stone v. Bayley, 75 Wash., 184. See also note in 48 L. R. A., N. S., 429.
The court is of opinion that Section 11979-1 is a proper exercise of the powers of the legislature in respect to the subject of domestic relations and that it does not violate any constitutional provision.
It is further argued that even if the statute is constitutional the intention of the statute is only to require a father to make provisions for a child who is domiciled in Ohio, and that the failure to support a child domiciled elsewhere is and should be pro *407 tected only by the law of the state where the child is.
The cases of State v. Sanner, 81 Ohio St., 393, and In re Poage, 87 Ohio St., 72, show the policy of the criminal law of Ohio. A father can be punished criminally for failure to support a child when the child is in this state, and only then. It does not follow, however, because no criminal penalty is applied for failure to support a child elsewhere, that the state of Ohio does not recognize the obligation which a parent owes to his child. A father owes to a minor child duties arising from its immaturity and its inability to care 'for itself. Those duties are prescribed by the most elementary principles of civilization as well as by law. Such a duty is sometimes spoken of as a “natural duty.” (In re Poage, supra, 72, 86.) By the great weight of authority the obligation is not founded solely on the statute. (20 Ruling Case Law, 622, Section 30, note 10; Pretzinger v. Pretzinger, 45 Ohio St., 452, 459.) While criminal proceedings are often the most available mode for enforcing this duty, there exists an obligation independently of the criminal statutes referred to in the Sanner and Poage cases. The statute pursuant to which the court acted is a further means of securing to the child the performance by the father of the duty which the father owes, regardless of where the minor child may happen to be. The statute does not limit the obligation of the bond to be given, nor can the court' by so-called interpretation read into it something that the legislature did not intend.
It follows that the statute is applicable to the case at bar. Since the court could exact the execution *408 of such a bond under the statute as a condition precedent to the entry of the decree, the entry of the decree furnished the consideration contemplated by law. The bond, therefore, was duly given in accordance with a valid statute.
The court erred in granting judgment in favor of the defendant on the pleadings.
The judgment will be reversed.

Judgment reversed.

Hamilton and Cushing, JJ., concur.