## KLINE v STANDARD OIL CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2363. Decided Dec 29, 1933

Stephen A. Sharp, Columbus, and Theodore L. Horst, Columbus, Contra the motion and for plaintiff in error.

Beltzer, Dressel & Walter, Columbus, for the motion and for defendant in error.

### OPINION

By HORNBECK, PJ.

Submitted on motion of defendant in error to dismiss a proceeding in error and to affirm the judgment of the trial court for the reason that no bill of exceptions was filed in the Court of Appeals.

In support of the respective claims of the parties we find two affidavits, one of Theodore L. Horst, counsel for plaintiff in error, another of Warren P. Beltzer, counsel for defendant in error.

The bill of exceptions bears a file mark of July 14, 1932, of the Common Pleas Court but no file mark of the Court of Appeals. We thus are required to begin our investigation with the presumption that the bill of exceptions was never properly filed or tendered for filing in the Court of Appeals.

A consideration of the subject matter of the affidavit of Mr. Horst does not supply proof that any one on behalf of plaintiff in error tendered the bill of exceptions to the clerk of the Court of Appeals for filing prior to October 25, 1933, when it was tendered to Frank Phillips, clerk of the Court of Appeals, for filing.

Sec 11572, GC, indicates the procedure incident to the filing of a bill of exceptions in the Court of Appeals:

"A party desiring to have a final judgment or order reviewed, on error, may file his petition in error, his transcript and other papers, in the proper court, without waiting to perfect a bill of exceptions, and thereupon may, if he desires, secure a stay of execution, of such judgment or order by giving the bond therefor as provided by law. Thereafter, within the time limited by law therefor, he may prepare, have allowed and signed, a bill of exceptions, which, when duly allowed and filed in the trial court, he also may file in the error proceeding; whereupon, it shall be received and considered by the reviewing court as if filed with his petition in error."

This section manifestly puts an obligation upon counsel who desires to have a bill of exceptions filed to see that it is filed.

We have examined the praecipe for the transcript filed with the clerk, requiring

the preparation of the transcript and journal entries, but it indicates no intention to have the clerk file the bill of exceptions. The Code provides the procedure incident to transmitting the bill to the trial judge and further provides that he shall, after signature, cause it to be transmitted to the office of the clerk of courts. This was done and after having been done no duty devolved upon the clerk of courts to file it in the Court of Appeals unless instructed so to do by counsel for plaintiff in error. Through inadvertence, no doubt, it seems that counsel for plaintiff in error, after the bill of exceptions had been duly signed and filed with the clerk of the Common Pleas Court, removed it without filing it in the Court of Appeals and no further action was taken to file it until in October.

We regret that we are unable to support the position of plaintiff in error and hold that the bill had been duly filed in the Court of Appeals; but upon any view of the facts in the affidavits we are unable to find that the bill had been filed or tendered for filing at any time in the Court of Appeals prior to October 25, 1933. This was too late.

If any error can be exemplified on the record, independent of the bill of exceptions, the court will hear it. If it is agreed that it is necessary to have the transcript of the testimony in order to consider all questions presented in the petition in error, the proceedings may be dismissed and this will have the effect of an affirmance of the trial court. An entry of dismissal would seem to be the only proper proceeding in either event.

KUNKLE and BARNES, JJ, concur.