HANDELSMAN, APPELLANT, *v.* HANDELSMAN, APPELLEE.*

*Motion to certify the record overruled, March 11, 1959,

(No. 766—Decided August 20, 1958.)

*Mr. Paul Tobin,* for appellant.
*Messrs. Riddle & Riddle,* for appellee.

GRIFFITH, J.   This is an appeal on questions of law from a judgment of the Juvenile Court of Columbiana County.

On February 2, 1951, Bertram Handelsman filed his petition in the Common Pleas Court alleging that he and his wife, Helen, were married at Hollisdays Cove, West Virginia, in 1936, and that there was one child born as issue of the marriage, namely, Ira Martin, aged ten years.

After alleging facts in support of his charge of gross neglect of duty, he prays:

"That he may be divorced from the defendant; that the care, custody, and control of said minor child be determined by the court; that upon final hearing, he may be awarded the home and farm as his permanent property free and clear of any right, title, or interest of the defendant and for such other and further relief as may be just and proper."

Accompanying the petition was an affidavit which reads:

"Bertram Handelsman, being first duly sworn according to law, deposes and says that he is the plaintiff in this action; that service of summons and copy of petition herein cannot be made in this state upon the defendant; that the defendant, Helen Handelsman, is not a resident of the state of Ohio; that her last known address is 103 E. 15th Street, Homestead, Pennsylvania.   That service of summons cannot be made within the state of Ohio, and this action is for divorce against the said Helen Handelsman, and this affidavit is made in pursuance of law in such cases."

The Common Pleas Court, upon examination of the petition

and affidavit, on February 2, 1951, ordered service by publication. The clerk of courts, by registered mail, return receipt demanded, issued summons to Helen Handelsman at 103 E. 15th Street, Homestead, Pennsylvania, with copy of petition, and marked first copy 2-9-51 Wellsville Press, which contained the legal notice.

On March 29, 1951, an order certifying the cause to the Juvenile Court for further proceedings from the Common Pleas Court, accompanied by a consent to the certification by the Juvenile Court, was filed in the clerk's office. (Section 3109.06, Revised Code.)

On April 6, 1951, the cause was heard by the Juvenile Court. The court found:

That the defendant was served by constructive service, as provided by law, and approved the service; that the court has jurisdiction of the parties; that the defendant, Helen Handelsman, is guilty of gross neglect of duty and granted to the plaintiff a divorce; granted plaintiff certain property and "further, since the defendant was not personally served, the sole care, custody, and control of the said minor child of the parties, namely, Ira Martin, is continued. It is further ordered that the plaintiff pay the amount of $30 per month for the support of said child."

After this decree was journalized on April 6, 1951, the defendant, on June 16, 1951, moved to vacate the default judgment rendered on April 6, 1951, for the reason that the court had no jurisdiction of the person of the defendant or of the person of the minor child of the parties.

On January 7, 1952, the Juvenile Court made the following order:

"This cause came on to be heard upon the motion of the defendant to set aside the former entry of the Juvenile Court.

"The court, after consideration of the same, does hereby overrule said motion of the defendant."

On January 15, 1952, defendant filed her notice of appeal on questions of law from the judgment of the Juvenile Court.

On March 31, 1952, the defendant filed her motion in the Juvenile Court requesting that the order of January 7, 1952, be vacated and that the motion overruled by the court be reheard.

On April 3, 1952, the defendant, Helen Handelsman, in the Court of Appeals, moved that her appeal in the case be dismissed. On April 3, 1952, this Court of Appeals made the following entry, which was journalized:

"On motion of appellant, the appeal in this case is hereby dismissed, and the cause is remanded to the Juvenile Court of this county, and the clerk is hereby ordered to return the record to the court below."

So that the record discloses that the appeal from the decision of the Juvenile Court was, upon motion of appellant, on April 3, 1952, dismissed. In the meantime, on June 15, 1951, the defendant went into the Common Pleas Court, by motion asking that the Common Pleas Court vacate its certification of the case made on March 29, 1951. After hearing had, the Common Pleas Court overruled the motion. No appeal was taken from this order of the Common Pleas Court.

In the light of these circumstances, and in the face of the record now before us, the Juvenile Court, on October 18, 1957, made the following order:

"The motion of the defendant to vacate and set aside a former order of this court, granting a decree of divorce to said plaintiff, came on for rehearing and, on consideration, it is the order of this court that this court's order of April 6, 1951, granting a divorce to the plaintiff herein, is hereby vacated, set aside and held for naught for the reason that the Juvenile Court had no jurisdiction of the subject matter.

"It is the further order of this court that this cause be remanded to the Court of Common Pleas."

It is this judgment that is before this court for review. Section 3109.06, in part, provides:

"Any court * * * having jurisdiction in any case respecting the care, custody, or support of a child under 18 years of age, may * * * with the consent of the Juvenile Court, certify the record * * * to the Juvenile Court for further proceedings * * *."

The chief complaint of the defendant is that pertaining to a claimed lack of jurisdiction of the Juvenile Court to make any order with respect to the minor child of the parties, because the child resided outside the state. Constructive service had been had on the defendant with whom the child lived. The trial court

had power to award support for the minor child because the plaintiff father was before the court, he at all times being a resident of Columbiana County. The order of support was against him. The fact that the minor child lived outside Ohio does not take away from the court the power to provide for the support of the child.

In *Bower* v. *Bower*, 90 Ohio St., 172, 106 N. E., 969, at page 174, the court said:

"* * * Where a divorce is granted, or where alimony is allowed to the wife for her separate maintenance, it is the duty of the court to make such order for the disposition, care and maintenance of the minor children of such marriage, if any, as is just, regardless of whether such question is presented by the pleadings or not."

In the case of *State, for the use of Sherwood,* v. *Sherwood,* 13 Ohio App., 403, the court, at page 407, said:

"* * * A father owes to a minor child duties arising from its immaturity and its inability to care for itself. Those duties are prescribed by the most elementary principles of civilization as well as by law. Such a duty is sometimes spoken of as a 'natural duty.' * * * By the great weight of authority the obligation is not founded solely on the statute. * * * While criminal proceedings are often the most available mode for enforcing this duty, there exists an obligation independently of the criminal statutes * * *. The statute pursuant to which the court acted is a further means of securing to the child the performance by the father of the duty which the father owes, *regardless of where the minor child may happen to be.*"

We believe the safe norm in such a case as that which is before us is that, where the one against whom the order is made is before the court, the court has the power to order such parent to support his child even though the child is not physically present within the state where the award of support is made.

If the court has such power (jurisdiction), as we believe it did have in the instant case, then clearly the Common Pleas Court had jurisdiction to certify the record to the Juvenile Court, and such court thereafter had exclusive jurisdiction under the statute.

In addition thereto, the issue of estoppel arises in this case

to prevent such a construction of Section 3109.06, Revised Code, as contended by defendant. The defendant, by her motion to dismiss her appeal, acquiesced in the judgment and left that decree unreversed and undisturbed. The appeal was dismissed six years previous to the order setting aside the divorce decree.

She, after dismissing her appeal, was thereafter precluded from complaining about the divorce decree. In that decree, the trial court found it had jurisdiction, and the conclusiveness of that finding could not thereafter be attacked by a motion in the lower court to vacate the decree. The divorce decree was not beyond the jurisdiction of the Juvenile Court to render. That was a court of competent jurisdiction and, as between the parties, after defendant dismissed her appeal and after she accepted support money of $30 per month for over six years, she is estopped from again urging reversal on the grounds of jurisdiction.

This is not a case of a personal judgment rendered against the defendant on constructive service. It is a case where the court had jurisdiction to order the plaintiff to pay $30 a month for the support of his child, the plaintiff being before the court in person, and, in such a situation, the jurisdiction of the Juvenile Court attached under Section 3109.06, Revised Code, because the Common Pleas Court had jurisdiction respecting the support of the child and had power to certify the case to the Juvenile Court.

No fraud, collusion, or mistake is claimed by the defendant. Here is a judgment upon the merits, rendered by a court of competent jurisdiction, that remains unreversed, unmodified, and unvacated and, as between the parties, is conclusive and binding.

We think there is a misapprehension as to the effect of the defendant's voluntary dismissal of her appeal. The dismissal of her appeal by this court on April 3, 1952, at her instance, is equivalent to an affirmance of the judgment of the Juvenile Court, and the defendant is barred from further prosecuting the question of jurisdiction of the subject matter. *Galbraith* v. *Glenn*, 87 Ohio St., 460, 102 N. E., 1123; *Kline* v. *Standard Oil Co.*, 16 Ohio Law Abs., 120.

There is no statutory provision for any Juvenile Court to

certify a case back to the Common Pleas Court. When the case is once certified, the Juvenile Court shall have exclusive jurisdiction, and the Common Pleas Court's jurisdiction shall cease.

The Juvenile Court was without authority in 1957 to vacate an order it had made in 1951, which former order had been appealed and, in substance, affirmed by the Court of Appeals.

The failure of the defendant to prosecute her appeal in 1952 should, in the absence of some proper explanation of her apparent dereliction of duty, preclude her from going back into the Juvenile Court by motion, after filing notice of appeal, to set aside a decree granted six years previously. The defendant now is in no position here to relitigate the validity of the decree nor attack the certification of the cause.

It would be most unfair to permit the defendant to sit idly by, receive the benefits of the decree, as she did, and then, after six years, attempt to set aside the certification and the decree. It would be against public policy to declare the divorce decree invalid under the circumstances. *Riggle* v. *Riggle,* 76 Ohio Law Abs., 530, 148 N. E. (2d), 72.

We, therefore, determine, in the instant case, that the Juvenile Court, at the time of the hearing of the divorce matter on April 6, 1951, had jurisdiction to make an order of support for the minor child of the parties, notwithstanding such child was during all the times from the date of the filing of plaintiff's petition down to and including the order made on October 18, 1957, physically outside the state of Ohio and residing with his mother at Homestead, Pennsylvania.

For the foregoing reasons, the judgment of the Juvenile Court entered on October 15, 1957, vacating and setting aside its decree of divorce made and entered on April 6, 1951, is reversed, and the cause is remanded to the Juvenile Court.

*Judgment reversed and cause remanded.*

NICHOLS, P. J., and PHILLIPS, J., concur.