[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This is an appeal from the May 24, 1999 "Finding of the Court and Entry" denying the petition for a writ of habeas corpus filed by Ronald L. Mills, petitioner below and appellant herein, the natural father of Samantha and Shawn Mills, and the July 30, 1999 "Finding of the Court and Entry" which, inter alia, awarded custody of the children to Peggy Sue Mills, the natural mother of the children and the appellee herein.
A brief summary of this acrimonious case is as follows. Prior to any legal activity between the parents, appellee fled Scioto County with the children. Appellee and the children moved from shelter to shelter in order to hide from appellant. On July 28, 1997, appellant obtained a divorce from appellee. The Scioto County Common Pleas Court, Domestic Relations Division, initially awarded custody of the children to appellant. Appellee and the children, however, remained outside Ohio.
On November 6, 1997, appellant filed a petition for habeas corpus in Domestic Relations Court. The court denied appellant's petition.[1]
On November 26, 1997, appellant filed a petition for a writ of habeas corpus in the Scioto County Common Pleas Court, Juvenile Division, which led to the case sub judice. The Juvenile Court issued an order directing law enforcement authorities to locate the children and to bring them before the court.
On February 27, 1998, Minnesota authorities arrested appellee and placed the children in the custody of a Minnesota social services agency. The Juvenile Court transferred custody of the children to Scioto County Children Services (SCCS) when the children returned to Scioto County. Both parties thereupon agreed to place the children in foster care pending further order of the court.
On March 24, 1998, appellee filed a motion in the Juvenile Court seeking custody of the children. A flurry of motions followed and the court conducted various, lengthy hearings on these matters.
On April 30, 1998, the Domestic Relations Court certified the child custody matter to the Juvenile Court. On July 30, 1999, the Juvenile Court issued its judgment which, inter alia:
(1) ruled on numerous issues including custody, visitation, and a contempt motion; (2) denied the petition for habeas corpus; and (3) ordered the case transferred from the Juvenile Court to the Domestic Relations Court for establishment of child support and for further hearings as required.[2]
Initially we must consider a threshold jurisdictional issue. Once again we note that the Juvenile Court, rather than issuing a child support order, attempted to transfer or return the matter to the Domestic Relations Court to establish a child support order. We believe, however, that the Juvenile Court did not possess the authority to return a certified case to the Domestic Relations Court.
In Kurtz and Giannelli, Ohio Juvenile Law (1999), Section 3.3 at 37-38, the authors noted the following with respect to a juvenile court's continuing and exclusive jurisdiction:
 "Once a juvenile court assumes jurisdiction over a child, no other court of this state (with the possible exception of another juvenile court) may assume jurisdiction over that child until the juvenile court's jurisdiction is terminated. For instance, if a child is adjudged dependent by a juvenile court and is committed to the temporary custody of a county department of human services, and the parents thereafter are granted a divorce by a domestic relations court, that court is without authority to make any orders concerning the child's custody. In this situation the domestic relations court is authorized to certify its jurisdiction over custody and child support matters to the juvenile court if it finds that custody to either parent is not in the child's best interest, or if the juvenile court consents. Absent the best interest determination or juvenile court consent, the domestic relations court has no authority to certify its jurisdiction and would simply abstain from entering any child custody or support order.
 When a case is certified to a juvenile court, or when a juvenile court otherwise obtains jurisdiction over and enters orders regarding the custody and support of children, that court retains continuing and exclusive jurisdiction over such matters, and its attempted transfer of jurisdiction to a domestic relations court is a nullity."
(footnotes omitted.)
Thus, when a case is certified to a Juvenile Court, the Juvenile Court will retain continuing and exclusive jurisdiction over the matter. The Juvenile Court may not transfer jurisdiction to a Domestic Relations Court. See, also, Hardesty v. Hardesty
(1984), 16 Ohio App.3d 56, 474 N.E.2d 368; Handelsman v.Handelsman (1958), 108 Ohio App. 30, 160 N.E.2d 543; R.C. 3109.06; R.C. 2151.23.
In Mather v. Bowe (Jan. 26, 1990), Lucas App. No. L-89-107, unreported, the court addressed a situation in which the Lucas County Common Pleas Court certified the case to the Juvenile Division. The Sixth District Court of Appeals held that the Juvenile Division did not have the authority to subsequently return or authorize certification of a case from the Juvenile Division to the Domestic Relations Division of the Common Pleas Court. The court wrote:
 "In her sole assignment of error, appellant asserts that the domestic relations court erred in vacating the orders it had previously issued on September 3, 1982 and April 27, 1987. Appellant argues that based on the circumstances herein the domestic relations division did have the jurisdiction to hear the matters decided despite the original certification of the case to the juvenile division.
R.C. 3109.06 provides in pertinent part:
3109.06 Certification to juvenile court.
 `Any court, other than a juvenile court, having jurisdiction in any case respecting the care, custody, or support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much thereof and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; thereupon the juvenile court shall have exclusive jurisdiction.'
 R.C. 2151.23 sets forth the general jurisdiction of the Juvenile Court and provides in pertinent part:
 `(D) The juvenile court has jurisdiction to hear and determine all matters as to custody and support of children duly certified by the court of common pleas to the juvenile court after a divorce decree has been granted, including jurisdiction to modify the judgment and decree of the common pleas court as the same relate to the custody and support of children.'
 On December 8, 1980, the Fulton County Court of Common Pleas surrendered jurisdiction to the Lucas County Court of Common Pleas, Juvenile Division, and that court obtained continuing and exclusive jurisdiction as to any modification of the child support order issued by the Fulton County Court of Common Pleas. Baumgarten v. Baumgarten (1939), 14 O.O. 490. See, also Handelsman v. Handelsman (1958), 108 Ohio App. 30. There being no statutory authority authorizing certification of cases from the juvenile division to the Lucas County Court of Common Pleas, Domestic Relations Division, jurisdiction remained with the juvenile division and the domestic relations division lacked jurisdiction to render any judgment. Christine M. Hardesty v. John W. Hardesty (Apr. 1, 1983), Wood App. No. WD-82-67, unreported. See also, Hardesty v. Hardesty (1984), 16 Ohio App.3d 56."
Accordingly, in the case sub judice, the Juvenile Court's attempted transfer of the matter to the Domestic Relations Court is invalid and of no effect. Thus, the child support issue remains pending before the Juvenile Court.
At this juncture, we must further examine a jurisdictional issue. Ohio appellate courts have jurisdiction to review final orders or judgments of inferior courts within their judicial district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order is an order which, inter alia,
affects a "substantial right" and determines the action. If an appeal is taken from a judgment that is not final and appealable, a court of appeals lacks jurisdiction to consider the appeal. Consequently, the appeal must be dismissed. Prod. Credit Assn.v. Hedges (1993), 87 Ohio App.3d 207, 621 N.E.2d 1360. If the parties to the action have not raised a jurisdictional issue, the court of appeals must, when appropriate, sua sponte raise the issue. Kouns v. Pemberton (1992), 84 Ohio App.3d 499,617 N.E.2d 701; In re Murray (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169.
We note that parental rights are, of course, "substantial" rights. Murray. Any judgment that adjudicates fewer than all the claims or rights and liabilities, however, does not constitute a final appeal order unless the judgment complies with Civ.R. 54 (B). Kouns, supra; Mullins v. Roe (May 15, 1998), Scioto App. No. 97CA2518, unreported; Wheeler v. Colley (Aug. 16, 1999), Ross App. No. 99CA2486, unreported. We have previously held that a judgment that defers the issue of child support for future determination does not constitute a final appealable order. In re Stiffler (Dec. 14, 1993), Highland App. No. 93CA830, unreported; Ackley v. Ackley (June 18, 1993), Ross App. No. 1924, unreported. See, also, Shivley v. Shivley (Sept. 22, 1994), Franklin App. No. 94APP02-249, unreported.
In the instant case, we again note that the child support issue remains unresolved. Thus, we have no jurisdiction to consider the merits of this appeal.
Accordingly, based upon the foregoing reasons we find that no final appealable order exists and we dismiss the instant appeal for want of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Harsha, J. Abele, J.: Concur.
 ____________________________ Peter B. Abel, Judge
[1] In an action for habeas corpus involving child custody, which is filed after a divorce, an adequate remedy exists through filing a motion in the domestic relations court. Barnebey v.Zschach (1995), 71 Ohio St.3d 588, 646 N.E.2d 162; In re Pollis
(Sept. 5, 1997), Trumbull App. No. 97-T-0139, unreported.
[2] Additionally, appellant filed a "Motion" to secure the audiotapes from which the transcript of proceedings was prepared and to secure the judge's notes to safeguard the record. Regarding the motion, the parties are directed to proceed in accordance with App.R. 9 to preserve anything omitted from the record.