PYLANT, APPELLANT, *v.* PYLANT, APPELLEE.

[Cite as Pylant v. Pylant (1978), 61 Ohio App. 2d 247.]

(No. H-77-19—Decided June 30, 1978.)

*Mr. Phillip M. White, Jr.,* for appellant.
*Mr. Arthur W. Zeiher,* for appellee.

POTTER, P. J. The parties to this action obtained a dissolution of their marriage in Ashland County Common Pleas Court, pursuant to R. C. 3105.61 *et seq.* Custody of the children was awarded to plaintiff, the appellant herein, and visitation privileges were granted to defendant, the appellee.

The children and both parties now have their residence in Huron County, Ohio.

Defendant, desiring to have the visitation privileges modified, had her counsel informally contact the judge of the Ashland County Court of Common Pleas, who, on his own motion, certified the case to the Huron County Juvenile Court, pursuant to R. C. 3109.06. The latter court accepted the certification.

Thereafter, defendant filed a motion in the Juvenile Court of Huron County for the purpose of establishing "definite visitation rights." Plaintiff, at the time of the hearing, made a motion to dismiss defendant's motion on the grounds that the Huron County Juvenile Court did not have jurisdiction. The reason stated at the time of the hearing was that there was no notice given to plaintiff of the hearing on the motion to certify the action from Ashland County, to Huron County, contrary to Civ. R. 75(J). Plaintiffs motion was overruled and the Huron County Juvenile Court granted expanded visitation privileges to the defendant. From this judgment the plaintiff has filed the following assignments of error:

*"First Assignment of Error*

"After a Common Pleas Court of one County grants a divorce, it cannot certify a post-divorce action for expanded visitation in the same case to the Juvenile Court Division of the Court of Common Pleas of another County.

*"Second Assignment of Error*

"Failure to notify the adverse party of an action to certify a case to another County is a violation of Civil Rules of Procedure as to "Notice" and constitutes a violation of said adverse party's right to due process of law under the Federal and Ohio Constitutions.

*"Third Assignment of Error*

"A Juvenile Court Division of the Court of Common Pleas of one County cannot accept a case certified from the Common Pleas Court of another County for the sole purpose of modifying visitation rights since it does not have jurisdiction of the subject matter of this action, as enumerated in Sec. 2151.23, Ohio Revised Code.

*"Fourth Assignment of Error*

"The Juvenile Division of the Court of Common Pleas of

Huron County, Ohio abused its discretion in granting expanded child visitation to the non-custodial parent."

The first and third assignments of error are directed to essentially the same issue, and that is the jurisdiction of the Juvenile Court to enter the offending order. Our finding, that both of the foregoing assignments of error are not well taken, requires a construction and interpretation of R. C. 3109.06 and R. C. 2151.23. R. C. 3109.06 is as follows:

"Any court, other than a juvenile court, having jurisdiction in any case respecting the care, custody, or support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much thereof and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; thereupon the juvenile court shall have exclusive jurisdiction. Cases wherein the court of common pleas finds the parents unsuitable to have the custody of the child or children, consent of the juvenile court shall not be required to such certification. This section applies to actions pending on August 28, 1951.

"In any case where a court of common pleas or other court having jurisdiction, has made an award of custody or an order for support, or both, of minor children, the jurisdiction of such court shall not abate upon the death of the person awarded such custody but shall continue for all purposes during the minority of such children, and the court, upon its own motion or the motion of either parent or of any interested person acting in behalf of the children, may proceed to make further disposition of the case in the best interests of the children, or if the children are under eighteen years of age, it may certify them, pursuant to this section, to the juvenile court of any county for further proceedings. After certification to a juvenile court, the jurisdiction of the court of common pleas, or other court, shall cease, except as to any payments of alimony due for the spouse and support payments due and unpaid for such children at the time of the certification."

R. C. 2151.23 sets forth the general jurisdiction of the Juvenile Court. It is as follows:

"Jurisdiction of juvenile court.

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code:

"(1) Concerning any child who on or about the date specified in the complaint is alleged to be a juvenile traffic offender, delinquent, unruly, abused, neglected, or dependent;

"(2) To determine the custody of any child not a ward of another court of this state;

"(3) To hear and determine any application for a writ of habeas corpus involving the custody of a child;

"(4) To exercise the powers and jurisdiction given the probate division of the court of common pleas in Chapters 5122. and 5123. of the Revised Code, if the court has probable cause to believe that a child otherwise within the jurisdiction of the court is a mentally ill person subject to hospitalization by court order, as defined in section 5122.01 of the Revised Code, or a mentally retarded person subject to hospitalization by court order as defined in section 5123.68 of the Revised Code;

"(5) To hear and determine all criminal cases charging adults with the violation of any section of Chapter 2151. of the Revised Code;

"(6) Under the interstate compact on juveniles in section 2151.56 of the Revised Code;

"(7) To hear and determine applications for consent to marry pursuant to section 3101.04 of the Revised Code.

"(B) The juvenile court has original jurisdiction under the Revised Code:

"(1) To hear and determine all cases of misdemeanors charging adults with any act or omission with respect to any child, which act or omission is a violation of any state law or any municipal ordinance;

"(2) To determine the paternity of any child alleged to have been born out of wedlock pursuant to Chapter 3111. of the Revised Code.

"(3) Under the uniform support of dependents act in Chapter 3115. of the Revised Code.

"(C) The juvenile court, except as to juvenile courts which are a separate division of the court of common pleas, or a separate and independent juvenile court, has jurisdiction to hear, determine, and make a record of any action for divorce or alimony involving the custody or care of children filed in the court of common pleas and certified by the court of common

pleas with all the papers filed therein to the court for trial, provided that no such certification shall be made to any court unless the consent of the juvenile judge is first obtained. After such certification is made and consent obtained, the court shall proceed as if such action were originally begun in said court except as to awards for alimony or support due and unpaid at the time of certification, over which the court has no jurisdiction.

"(D) The juvenile court has jurisdiction to hear and determine all matters as to custody and support of children duly certified by the court of common pleas to the juvenile court after a divorce decree has been granted, including jurisdiction to modify the judgment and decree of the common pleas court as the same relate to the custody and support of children.

"(E) The juvenile court has jurisdiction to hear and determine the case of any child certified to the court by any court of competent jurisdiction if such child comes within the jurisdiction of the court as defined by this section."

"***[A] primary rule in the construction of statutes is to arrive at the intention of the legislature." See 50 Ohio Jurisprudence 2d 129, Statutes, Section 160. In this determination, a court, pursuant to R. C. 1.49, may consider among other things "(A) The object sought to be obtained; ***(C) The legislative history;***(E) The consequences of a particular construction;***."

Plaintiff maintains that it was the intention of the legislature when it enacted R. C. 3109.06, as set forth in paragraph one, that, "any court***may***certify the record in the case****to the juvenile court,*" and that paragraph two states that the certifying court, "****may certify****to the juvenile court of any county.*" He contends that paragraph one applied only to intra-county transfers and paragraph two is applicable only when the person initially awarded custody dies.

Appellant argues that the legislature intended that the case was to remain in the county of original jurisdiction where the records are kept, where the domestic relation investigation was conducted, and where the court is familiar with the case.

If this argument goes to paragraph (A) of R. C. 1.49 ("The object sought to be attained"), we find it to be not persuasive. For a number of reasons, cases and litigants frequently outlast judges, and in the case *sub judice* we note that the judge who

signed the decree of dissolution is not the judge who certified the case to the Huron County Juvenile Court. As to investigations, it would certainly be more convenient for investigators of the resident county to conduct any needed future investigations than it would be for those attached to the court some distance away to conduct them. Except for some latent tactical advantage we think it would, likewise, be to the advantage of the litigants, who would be paying for court time and not travel time for their counsel, to have the matter heard in the county where they reside.

The legislative history of R. C. 3109.06 is of interest and of help. Our research indicates that its forerunners became a part of our jurisprudence by reason of Senate Bill No. 112 (110 Ohio Laws 127). This act was approved April 17, 1923, and filed with the Secretary of State April 19, 1923. It reads as follows:

"Be it enacted by the General Assembly of the State of Ohio:* * *

"Sec. 8034-1. In any case where the common pleas court, or a probate court having jurisdiction, has made an award of the custody of a minor child or children and an order for support of such minor child or children, such court may certify the same *to the juvenile court of the county* for further proceedings thereunder according to law, and thereupon the jurisdiction of the common pleas court, or probate court, in such case as to the custody and support of such minor child or children shall cease.

"Sec. 1642-1. In any case where the custody and support of a minor child or children has been determined and decreed by the common pleas court, or a probate court having jurisdiction, and such case has been certified to the juvenile court as provided in section 8034-1 the juvenile court shall have jurisdiction to proceed therein as in original cases." (Emphasis added.)

In 1938, G. C. 8034-1 was amended by Amended Senate Bill No. 396 which revised, consolidated and codified the juvenile laws (117 Ohio Laws 806) as follows:

"Certification of award of custody of minor children to juvenile court.

"Sec. 8034-1. In any case where a common pleas court, or a court having jurisdiction, has made an award of the custody or an order for support or both of a minor child or children,

such court may certify the same *to the juvenile court of any county in this state* for further proceedings thereunder according to law, and thereupon the jurisdiction of the common pleas court, or said court shall cease." (Emphasis added.)

Here for the first time a Common Pleas Court or a court having jurisdiction could certify to the Juvenile Court of any county in this state.

In 1946, House Bill No. 463 recodified and amended certain statutes (121 Ohio Laws 557 *et seq.*). It was here that paragraph one of R. C. 3109.06 had its genesis. The section as amended read as follows:

"Certification of record to juvenile court; certification of award of custody, etc., of minor to juvenile court.

"Sec. 8034-1. Any court other than a juvenile court, having jurisdiction in any case respecting the care, custody or support of a child under "eighteen years of age may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much thereof and such further information in narrative form or otherwise as the court deems necessary or the juvenile court may request, to the juvenile court for the further proceedings according to law; and thereupon the juvenile court shall have exclusive jurisdiction respecting such child. This section shall apply to pending actions.

"In any case where a common pleas court, or other court having jurisdiction, has made an award of the custody or an order for support or both of a minor child or children, the jurisdiction of such court shall not abate upon the death of the person awarded custody of said child or children, but shall continue for all purposes during the minority of said child or children and such court, upon its own motion or the motion of either parent or upon the motion of an interested person, acting in behalf of the child or children, may proceed to make further disposition of the case in the best interests of the child or children, or if such child or children are under eighteen years of age, the court may certify the same to the juvenile court of any county in this state for further proceedings thereunder according to law provided the consent of said juvenile court is first obtained. After certification of such case to a juvenile court, the jurisdiction of the common pleas court, or other

court having jurisdiction shall cease, except as to any and all payments of alimony due for the spouse and support payments due and upaid for such child or children at the time of the certification."

In addition to paragraph one, the legislature added the language relative to the death of a person awarded custody, etc. It is this language that plaintiff claims limits the certification to the Juvenile Court of the county wherein the divorce case was heard.

In 1951, Amended Bill No. 65 (124 Ohio Laws 178) provided for a major recodification, renumbering and revision of the laws of Ohio pertaining to domestic relations. G. C. 8034 became G. C. 8005-6. It read as follows:

"Sec. 8005-6. Certification to juvenile court. Any court, other than a juvenile court, having jurisdiction in any case respecting the care, custody, or support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much thereof and such further information in narrative form or otherwise as the court deems necessary or the juvenile court may request, to the juvenile court for further proceedings; and thereupon the juvenile court shall have exclusive jurisdiction. Cases wherein the court of common pleas finds the parents unsuitable to have the custody of the child or children, consent of the juvenile court shall not be required to such certification. This section shall apply to pending actions.

"In any case where a court of common pleas, or other court having jurisdiction, has made an award of custody or an order for support, or both, of a minor child or children, the jurisdiction of such court shall not abate upon the death of the person awarded such custody but shall continue for all purposes during the minority of such child or children, and the court, upon its own motion or the motion of either parent or of any interested person, acting in behalf of the child or children, may proceed to make further disposition of the case in the best interests of the child or children, or if the child or children are under eighteen years of age, it may certify them, pursuant to this section, to the juvenile court of any county in the state for further proceedings. After certification to a juvenile court, the

jurisdiction of the court of common pleas, or other court shall cease, except as to any and all payments of alimony due for the spouse and support payments due and unpaid for such child or children at the time of the certification."

In the past we have not been favored by a legislative history, other than the recording of the passage of the legislation, to assist in the determination of the intent of the legislature. However we note and approve the observations of Judge Guernsey in *Gordon* v. *Gordon* (1973), 33 Ohio App. 2d 257, that no statutory provision existed as to the custody of minor children where the person having custody died, until the enactment, in 1946, of House Bill No. 463, set forth above. As observed in *Gordon* v. *Gordon, supra,* the custody disposition enacted by the legislature was to obviate the common-law rule that custody should normally go to the surviving parent.

We find that the added statutory language relative to the death of a person having custody of a minor was not intended to limit the certification of a case to the Juvenile Court of the county wherein the divorce was heard. We do not believe the legislature intended to retrograde and, in effect, repeal those provisions providing for statewide certification which it adopted in 1938 by Amended Senate Bill No. 396. See 50 Ohio Jurisprudence 2d 241, Statutes, Section 257, to the effect that "* * *a construction which is contrary to previously established public policy should be avoided," and Section 311, page 295, as follows:

"* * *It is very common, in framing new statutes, to omit clauses which were contained in antecedent ones merely because they were unnecessary and superfluous, and it is a well-settled rule of statutory construction that in the amendment of statutes the mere change of phraseology or the mere omission of words which are deemed redundant does not indicate a legislative intent to change the pre-existing law. These rules are of special application where the rule in effect under the earlier statutes had prevailed for a long period of time, or where the suggested change results in a radical departure from the previous rule on the subject."

*Cf. Ohio Bank & Savings Co.* v. *Tri-County National Bank* (1969), 50 Ohio Op. 2d 73, where the deletion of words "or counties" did not indicate a substantive change to limit branch banking to a single county.

We need not decide if paragraph one of R. C. 3109.06 permits certification to a Juvenile Court of any county. Nevertheless, 2 Anderson's Family Law 26, 27, Section 2.16, referring to R. C. 2151.23(C), states: "Any court of common pleas or domestic relations in this state can certify a divorce or alimony action to any probate juvenile court in the state." The author concludes that under R. C. 2151.23(D), in conjunction with R. C. 3109 *et. seq.*, certification may be made to any Juvenile Court after a divorce has been granted by the Court of Common Pleas. For comparison only, see *Jernigan* v. *Jernigan* (1955), 344 Mich. 511, 73 N.W. 2d 910, where "the county" was construed to mean the county in which the child was a resident.

Considering the consequences of a construction granting certification after a divorce awarding custody, we also consider the modern approach to venue as set forth in Civ. R. 3. Civ. R. 3(B) provides, in pertinent part:

" Venue: where proper. Any action may be venued, commenced and decided in any court in any county. When applied to county and municipal courts "county" as used in this rule shall be construed where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:

"(1) The county in which the defendant resides;

"(2) The county in which the defendant has his principal place of business;

"(3) A county in which the defendant conducted activity which gave rise to the claim for relief;

"* * *

"(6) The county in which all or a part of the claim for relief arose; or, if the claim for relief arose upon a river, or other watercourse, or a road, which is the boundary of the state, or of two or more counties, in any county bordering on such river, watercourse, or road, and opposite to the place where the claim for relief arose;

"(7) In actions described in Rule 4.3 (out-of-state service) in the county where plaintiff resides;

"* * *

"(9) In actions for divorce, annulment or for alimony in the county in which the plaintiff is and has been a resident for

at least ninety days immediately preceding the filing of the complaint;

"(10) If there is no available forum in subsections (1) through (9) of this subdivision, in the county in which plaintiff resides; has his principal place of business or regularly and systematically conducts business activity;***."

The syllabus of *Fuller* v. *Fuller* (1972), 32 Ohio App. 2d 303, reads as follows:

"The venue provisions of R. C. 3105.03 have been superseded by Civil Rule 3(B), which expands the venue of divorce actions so that, where jurisdictional requirements are met, a divorce action may be brought in the county in which the defendant resides, as well as the county in which the claim for relief arose, or the county in which the plaintiff has resided for ninety days."

With the approval of such flexible venue there is certainly no logical reason, first, why the county making the initial decree should be restricted in its certification, and second, why the county of the residence of both parents and children should not be preferred. *Cf.* Juv. R. 11, where within the scope of that rule transfers may be made to the county of the juvenile's residence initially and upon change of residence. A dissolution procedure is subject to the civil rules relative to venue. As to the third assignment of error, the Huron County Juvenile Court has jurisdiction and authority under R. C. 3109.05 and R. C. 2151.23. R. C. 2151.23 is set forth above; the pertinent part of R. C. 3109.05 states as follows:

"Child Support; visitation rights.

"In a divorce, dissolution of marriage, alimony, or child support proceeding, the court may order***".

"The court may make any just and reasonable order or decree permitting the parent who is deprived of the care, custody, and control of the children to visit them at the time and under the conditions as the court may direct. The court may, upon notice and hearing, make such modification as it determines just in an order of support of a child or an award of alimony upon proof that the party subject to the order has been continuously or repeatedly prevented from exercising a right to visit the child established by an order of court. In the discretion of the court, reasonable companionship or visitation

rights may be granted to any other person having an interest in the welfare of the child. The juvenile court shall have exclusive jurisdiction to enter the orders in any case certified to it from another court."

Also, under paragraph (D) of R. C. 2151.23, the Juvenile Court has jurisdiction relative to custody of children. Visitation rights fall within the ambit of custody. See 18 Ohio Jurisprudence 2d. 104, Divorce and Separation, Sec. 111. We, therefore, find, pursuant to R. C. 3109.06 and R. C. 2151.23, that the certification was proper and that the Huron County Juvenile Court had jurisdiction to decide the motion for expanded visitation rights. The first and third assignments of error are not well taken.

The second assignment of error goes more to the issue raised in the trial court and is related to notice under Civ. R. 75(I). That section of the rule reads as follows:

"(I) *Continuing Jurisdiction.*

"The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6.***"

Since the Ashland County Common Pleas Court, on its own motion, certified the case to the Huron County Juvenile Court, Civ. R. 75(I) procedure was not applicable. Therefore, appellant's second assignment of error is not well taken.

Appellant's fourth assignment of error relative to the trial court's abuse of discretion is not well taken. The trial judge's order was as follows:

"It is therefore ordered that the visitation rights of the defendant be amended to provide as follows:

"1. That during the school year, or for the months of September through May each year, defendant shall have visitation with the minor children of the parties on Friday at 4:30 p.m. until Sunday at 1:00 p.m. of each alternate weekend commencing November 4, 1977.

"2. That during the summer months of June through August each year defendant shall have visitation with the minor children of the parties on Monday at 7:30 p.m. until Wednesday 4:30 p.m. of each alternate week, commencing with the alternate week after the last weekend visitation in May.

"3. That during the summer months of each year, defendant shall have visitation with the minor children of the parties for a two-week period, not including the visitation time set forth in paragraph 2, the dates to be determined by agreement of the parties.

"4. That defendant shall have visitation with the minor children of the parties on alternate holidays each year, and only those holidays during the school year or the months of September through June, when there is more than one day of vacation allotted to said children. Said visitation to be on the holiday and during the hours of 9:00 a.m. to 9:00 p.m. or overnight by agreement of the parties."

At the hearing plaintiff disagreed with only the summer visitation. We do not find the summer visitation provision or any of the other provisions an abuse of discretion. The judgment of the Huron County Juvenile Court is affirmed.

*Judgment affirmed.*

BROWN and CONNORS, JJ., concur.