OPINION
Plaintiff-appellant, Victor A. Bates ("appellant"), appeals from the order of the Ashtabula County Court of Common Pleas awarding custody of the parties two children to defendant-appellee, Cynthia J. Bates ("appellee"), as well as the court's award of attorney's fees.
The parties were married on September 9, 1977. Two children were born as issue of the marriage: Victor, born July 26, 1983, and Brian, born October 20, 1987. Appellee was the primary care-giver for the children during the marriage.
In late spring of 1998, appellee vacated the marital residence, returning to care for the children during the day. This arrangement continued until appellant changed the locks in June or July. On July 7, 1998, appellant filed a complaint for divorce. The trial court granted appellee visitation with the children. Appellee filed four motions to show cause due to appellant's refusal to allow her visitation. Appellant stated the children did not want to see appellee because of her abusive behavior, primarily with their son, Victor. Appellee unsuccessfully attempted to contact the children by phone. No one answered or responded to the messages she left on the answering machine.
Appellee did not see the children for over a year. The trial court ordered visitation under the supervision of Children Services. The children refused to participate in the first scheduled supervised visit. The trial court held a hearing on appellee's show cause motion and announced the court's intention of enforcing the visitation order. Appellee then had several supervised visits with her sons. On May 19, 2000, the trial court granted appellee's motion for unsupervised visitation. The children did not appear for the first unsupervised visit with appellee.
Appellant withdrew the children from the Geneva School District after the parties separated. His sisters instructed the boys at home for two to three hours a day through a home schooling program. Appellant had no further contact with the school district although he was required to report the home schooling by law. Appellee opposed this instruction by appellant's sisters and wanted the boys to return to the public school system.
A guardian ad litem was appointed for the children in response to appellant's motion for the same. Both parties had evaluations performed by their respective psychologist. Appellee filed a motion to show cause because of appellant's cancellation of scheduled appointments with her psychologist. Appellant's sister did bring the children for their appointment, but they left soon after discovering appellee would be there as well.
The psychologists reached different evaluations of the Bates family, each favorable to their respective client. The doctors disagreed on whether parental alienation syndrome existed in the family. Parental alienation syndrome exists where one parent blocks the children from seeing the other parent by engaging in denigrating behavior, which the children begin to believe. Appellee's psychologist concluded the syndrome was present, primarily based upon appellant's resistance to allowing appellee access to the children, his control over the children's activities, and the children's diametrical attitude toward their parents. The boys saw appellant as being all good and appellee as all bad. Appellant's psychologist discounted the presence of parental alienation syndrome because he believed the reports of physical and emotional abuse of Victor by appellee.
The matter came before the trial court for hearing commencing on December 2, 1999, and concluding on May 5, 2000. The guardian ad litem
recommended appellee receive custody of the children. On June 30, 2000, the trial court issued its judgment entry dissolving the parties' marriage. The trial court named appellee as residential parent and legal custodian for the children, finding the award of custody to be in the children's best interest after considering the factors set forth in R.C.3109.04(F)(1). The trial court then certified the matter to the Juvenile Division of the Ashtabula County Court of Common Pleas to oversee the transition of the boys to their mother's home.
On July 14, 2000, appellant filed a motion for new trial, disputing the trial court's award of attorney's fees to appellee and the court's custody determination. On August 9, 2000, the trial court denied the motion. Appellant has timely appealed the decision of the trial court.
Appellant assigns the following errors for review:
 "[1.] The trial court erred in failing to appoint an attorney to represent the children, in violation of Ohio Revised Code Section 2151.281(H).
 "[2.] The trial court's findings that the appellee was the residential parent and legal custodian of the minor children and that it was in the best interest of the children that they reside with appellee were against the manifest weight of the evidence and an abuse of discretion.
 "[3.] The trial court's failure to consider or order child visitation by the non-residential parent is contrary to the mandates of Ohio Revised Code Sections 3109.051, 3109.04 3113.215.
 "[4.] The trial court erred and abused its discretion by ordering that the appellant pay the appellee's counsel fees."
 In his first assignment of error, appellant contends the trial court erred by not appointing an attorney to represent the children as provided for in R.C. 2151.281(H). However, this provision only applies to proceedings where a child is alleged to be, or is adjudicated, abused, neglected, or dependent. It is not applicable to domestic proceedings. Civ.R. 75(B)(2) does permit a trial court to appoint both a guardian ad litem and an attorney when it is essential to protect the best interests of the child in a domestic case.
Appellant goes on to assume in his argument that the guardian ad litem
also served as the children's attorney. The record shows that the trial court made no such dual appointment. Appellant filed a motion asking that a guardian ad litem be appointed to protect the children's best interests. The trial court's judgment entry of January 15, 1999, provides for the appointment of a guardian ad litem only. This court will not presume a dual appointment when the record reflects to the contrary. See In re Keller (Sept. 30, 1998), Ashtabula App. Nos. 97-A-0071, 97-A-0072, unreported, 1998 Ohio App. LEXIS 4629. A guardian ad litem's
role is to investigate a child's situation and then to ask the trial court to do what the guardian believes is in the child's best interest.In re Baby Girl Baxter (1985), 17 Ohio St.3d 229 . The guardian adlitem need not advocate the position advanced by the child. Kovalak v.Kovalak (Aug. 6, 1998), Cuyahoga App. No. 73100, unreported, 1998 Ohio App. LEXIS 3615.
Appellant admits the cross-examination of witnesses benefited the trial court's determination of the children's best interests. The record demonstrates this is so. Therefore, the guardian ad litem complied with her role to investigate and make recommendations based on her belief regarding the best interests of the children. Appellant's first assignment of error lacks merit and is overruled.
Appellant's second assignment of error challenges the trial court's decision naming appellee as residential parent. Appellant argues the trial court unreasonably disregarded the wishes of the children to remain in his custody. It must be noted that the oldest child, Victor, has attained his majority during the pendency of the appeal. Victor may now live wherever he desires. The issue of his custody is no longer for this court's consideration. Only the allocation of parental rights and responsibilities as to Brian will be considered upon appeal.
Custody cases are reviewed under an abuse of discretion standard.Pater v. Pater (1992), 63 Ohio St.3d 393, 396. An abuse of discretion involves more than a mere error of law but implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. A custody award supported by some competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 23.
R.C. 3109.04(B)(1) governs the allocation of parental rights and responsibilities. The standard by which the trial court is guided is the best interests of the child. Gardini v. Moyer (1991), 61 Ohio St.3d 479,483. R.C. 3109.04(F)(1) sets forth a nonexclusive list of factors for the court to consider when determining best interests. R.C.3109.04(F)(1)(b) provides that the court is to consider the child's wishes and concerns regarding the allocation of parental rights and responsibilities if the court interviewed the child. However, this is but one factor the trial court is to consider when considering custody. See Paden v. Paden (Apr. 26, 2000), Medina App. No. 2877-M, unreported, 2000 Ohio App. LEXIS 1790.
Former R.C. 3109.04, revised April 11, 1991, permitted a child over the age of twelve to choose the parent with whom the child wanted to live, unless the chosen parent was unfit or it was in the child's best interests to not make the choice. The current version of R.C. 3109.04
eliminates the child's ability to choose a residential parent. A child's stated preference is not controlling and should not be the only factor upon which a trial court bases its decision. Nusbaumer v. Cherry (Apr. 26, 1999), Stark App. No. 1998CA00243, unreported, 1999 Ohio App. LEXIS 1889.
In the June 30, 2000 judgment entry, the trial court carefully explained why Brian's stated preference to continue living with appellant would be denied. The court primarily mentioned that Brian's version of what occurred during the supervised visits with his mother was contradicted by the neutral observers. The trial court also noted the children's answers were very similar, as if they were programmed responses. The trial court believed Brian's stated wish to stay with appellant was the product of the control appellant and appellant's sisters had over him. The record before this court supports the trial court's findings and reasons for disregarding Brian's stated preference to continue living with his father.
Appellant also contends the trial court abused its discretion when awarding custody to appellee based upon the testimony of his witnesses that she had a history of emotionally and physically abusing Victor. As stated above, Victor is now an adult and the issue of his custody is not before this court.
As appellant points out, there were allegations made that appellant abused Victor. There also was testimony and evidence to the contrary admitted below. While Victor is now an adult, the testimony would have bearing on appellee's ability to parent Brian. A reviewing court defers to the trial court in areas of witness credibility. State v. DeHass
(1967), 10 Ohio St.2d 230 . As stated by the Supreme Court of Ohio:
 "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceedings and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct."
 Miller v. Miller (1988), 37 Ohio St.3d 71, 74, citations omitted. The record contains evidence refuting appellant's claims of abuse by appellee. The psychologists differed in their evaluations of the parties, creating an evidential conflict best resolved by the trier of fact. There was testimony showing appellee is a good mother to Brian. The trial court also correctly relied upon the evidence of appellant's obstruction of appellee's visitation with their sons to support the finding that she would be more likely to facilitate visitation. This evidence further buttressed the finding that appellant sought to cut appellee off from the children. The trial court's award of custody to appellee was not an abuse of discretion. Appellant's second assignment of error is overruled.
Appellant's third assignment of error challenges the trial court's judgment entry because no visitation is provided for between appellant and his sons. Appellant contends the lack of any mention of visitation in the order was contrary to law and constitutes reversible error.
A trial court is required to provide for reasonable visitation between a nonresidential parent and his or her child. R.C. 3109.051(A). The trial court's judgment entry of June 30, 2000, awards custody of the children to appellee and certifies the matter to the juvenile division of the court of common pleas pursuant to R.C. 3109.06. The juvenile court has exclusive jurisdiction to determine visitation following certification. See Pylant v. Pylant (1978), 61 Ohio App.2d 247;Handelsman v. Handelsman (1958), 108 Ohio App. 30. Because the trial court certified the matter to juvenile court, there was no error in the trial court's failure to set a visitation schedule in the judgment entry. Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends the trial court abused its discretion by not complying with R.C. 3105.18(H) when awarding attorney's fees to appellee. Appellant argues that the trial court's judgment entry did not state whether his ability to pay the award was taken into consideration.
A trial court has broad discretion in the award of attorney fees.Birath v. Birath (1988), 53 Ohio App.3d 31, 39. A court's decision on a request for attorney fees will not be reversed absent an attitude that is unreasonable, arbitrary, or unconscionable. Dunbar v. Dunbar (1994),68 Ohio St.3d 369, 371.
R.C. 3105.18(H) provides that a trial court may award reasonable attorney fees if it determines that the other party has the ability to pay and the moving party will be prevented from litigating his or her rights if fees are not awarded. An abuse of discretion will not be found where an appellate court can discern the rationale underlying the award of fees and the record supports the award. Kelly-Doley v. Doley (Mar. 12, 1999), Lake App. No. 96-L-217, unreported, 1999 Ohio App. LEXIS 939.
There is evidence in the record that appellant earns $14.92 per hour as well as having other benefits. The marital home, in which appellant resides, apparently is unburdened by debt. The record demonstrates appellant has the wherewithal to pay the award of attorney's fees. The trial court found a significant portion of appellee's attorney fees resulted from appellant's failure to cooperate with visitation. An award of attorney's fees may be predicated upon one party intentionally causing the other party to incur unnecessary, substantial fees or when that party has been responsible for much of the litigation. Kelly-Doley, supra. The record supports this finding by the trial court. Four show cause motions were filed by appellee because of appellant's interference with her visitation with the children. Also, appellant was initially uncooperative with the psychological evaluation, causing additional delay.
Further, the record does not indicate appellant requested separate findings of facts and conclusions of law pursuant to Civ.R. 52 regarding the award of attorney's fees. Absent such findings, this court will presume that the trial court considered the relevant statutory guidelines when making the award. Carman v. Carman (1996), 109 Ohio App.3d 698. See, also, Kraska v. Kraska (Dec. 4, 1998), Portage App. No. 97-P-0094, unreported, 1998 Ohio App. LEXIS 5816. The record supports the trial court's award of attorney's fees to appellee. Appellant's fourth assignment of error is not well-taken and is overruled. Finding appellant's appeal to be without merit, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., NADER, J., concur.