HARLOR, APPELLEE, *v.* HARLOR, APPELLANT.

(No. 3722—Decided January 22, 1946.)

*Mr. Victor A. Ketcham, Jr.,* for appellee.
*Messrs. Coughlin, Ogier & Lloyd,* for appellant.

HORNBECK, P. J. Two errors are assigned:

1. The Common Pleas Court, Division of Domestic Relations, erred in remanding jurisdiction of the mo-

tion for child support, when the case had prior thereto been certified to the Juvenile Court under Section 8034-1, General Code.

2. The Common Pleas Court, Division of Domestic Relations, erred in exercising its jurisdiction when the jurisdiction of the Common Pleas Court had ceased by virtue of Section 8034-1, General Code.

There is under the Code differentiation in Franklin county between the regular branch of the Common Pleas Court and the Division of Domestic Relations of that court. In such county, by Section 1532, General Code, the judge of the Common Pleas Court, Division of Domestic Relations, is clothed with all the jurisdiction vested in juvenile courts. In some counties, either the judge of the regular branch of the Common Pleas Court or the judge of the Probate Court is designated by entry as the judge of the Juvenile Court. Section 1532, General Code, after fixing the term of the judge of the Division of Domestic Relations, Common Pleas Court, Franklin County, provides:

"Such judge and successors shall, however, be elected and designated as a judge of the Court of Common Pleas, Division of Domestic Relations, and all the powers provided for in Title 4, Chapter 8, of the General Code [Section 1639-1 *et seq.*] or elsewhere in said Code, relating to juvenile courts shall be exercised in Franklin county by such judge of said Court of Common Pleas, and on and after the beginning of the term for which such judge is elected, there shall be assigned to said judge and successors, elected or appointed in pursuance of this act, all cases under the Juvenile Court Act, all bastardy cases over which the Juvenile Court of Franklin county now has jurisdiction and all divorce and alimony cases in said county."

The entry in this case is signed, "Rose, Judge." We take judicial notice of the fact that Judge Rose is,

under Section 1532, General Code, a judge of the Court of Common Pleas, Division of Domestic Relations, and that by virtue of such section all powers provided for in Chapter 8, Title IV of the General Code, the Juvenile Court Code, relating to the Juvenile Court, are exercised in Franklin county by such judge. So it is evident that the order here was made by the one judge in the county clothed with the authority of a Juvenile judge. The only contradiction of this fact would be the heading of the entry which does not carry the further designation, "Juvenile Branch." That heading is not controlling of the import of the subject matter of the entry.

It thus fairly appears that the judge who made the order in this case was the judge in Franklin county authorized to make the order, and that it is valid.

The effect of Section 8034-1, General Code, is to take from a judge of the Common Pleas Court, regular branch, further jurisdiction to consider a case which he has certified for further proceedings to the Court of Domestic Relations, Juvenile Branch.

We are satisfied that the order challenged by this appeal has validity and that even upon remand the trial judge could, if it is the fact as no doubt it is, add the term "Judge of the Common Pleas Court, Division of Domestic Relations, Juvenile Branch." We assume, as we must on appeal, that the order was properly and judicially entered. The judgment is affirmed.

*Judgment affirmed.*

WISEMAN and MILLER, JJ., concur.