GATTS, APPELLANT, *v.* THE STATE OF OHIO, BUREAU OF MOTOR VEHICLES, APPELLEE.

(No. C-830376—Decided March 21, 1984.)

Mr. *Thomas W. Amann,* for appellant.

Mr. *Anthony J. Celebrezze, Jr.,* attorney general, and Ms. *Barbara A. Serve,* for appellee.

KLUSMEIER, J. This appeal presents a question of the constitutionality of Ohio Adm. Code 4501:1-1-16. The plaintiff-appellant, Jim E. Gatts, was convicted of driving under the influence of intoxicating liquor on June 4, 1980, October 1, 1980 and on June 9, 1982. On July 28, 1982, the

defendant-appellee, Ohio Bureau of Motor Vehicles, notified the appellant that his chauffeur's license was being immediately suspended pursuant to R.C. 4507.08 and Ohio Adm. Code 4501:1-1-16. In its pertinent part R.C. 4507.08 provides that "[n]o * * * chauffeur's * * * license shall be issued to, or retained by: (A) Any person who is an alcoholic * * *." Paragraph (B) of Ohio Adm. Code 4501:1-1-16 defines the noun "alcoholic" as "any person who: (1) Is convicted three or more times within the immediately preceding three-year period of driving under the influence of intoxicating liquor * * *." The balance of the section is not relevant to the cause *sub judice.* The appellant requested a hearing in order to show that he was not and never had been an alcoholic. A hearing was held on September 22, 1982, at which time the appellant questioned the constitutionality of the cited section of the Ohio Administrative Code contending that the conclusive presumption therein established amounted to a denial of due process of law. The administrative hearing examiner made findings of fact and conclusions of law and recommended that appellant's license to drive remain suspended until he had completed a treatment or rehabilitation program and remained in a condition of sobriety for a period of six months thereafter. In his conclusions of law the administrative hearing examiner, *inter alia,* made the following conclusion:

"2. Ohio Administrative Code, § 4501:1-1-16 is constitutional on its face and as applied. The presumption created by Ohio Administrative Code, § 4501:1-1-16 is not irrebuttable. The Petitioner has the opportunity to present to the hearing officer evidence that the convictions were improperly obtained. Petitioner is given the opportunity to controvert the existence of the three convictions."

The appellant filed written objections to the report and recommendations of the hearing officer with Dean L. Dollison, Registrar of the Bureau of Motor Vehicles, who overruled the objections and sustained the suspension order.[1] Upon appeal, the Court of Common Pleas of Hamilton County overruled the appellant's motion to declare Ohio Adm. Code 4501:1-1-16 unconstitutional and to reverse the suspension order and granted appellee's motion to dismiss the appeal of the agency order.

In his timely appeal to this court, appellant assigns the dismissal of his appeal from the order of the Bureau of Motor Vehicles, the overruling of his motion to declare Ohio Adm. Code 4501:1-1-16 unconstitutional and the failure to reverse the decision of the agency as the single, comprehensive assignment of error. For the reasons hereinafter set forth we find error in the proceedings below and, accordingly, reverse the judgment of the court of common pleas.

At the outset it is to be noted that the appellant does not assert that the legislative act, R.C. 4507.08, is unconstitutional. The legislature did not, however, define the word "alcoholic" when it enacted the law prohibiting the issuance of a chauffeur's license to or its retention by an alcoholic. The administrative agency has defined "alcoholic" in terms of the frequency of convictions for driving under the influence of intoxicating liquor and thereby established a conclusive presump-

---

[1] The proceedings before the agency were certified to the court of common pleas, and constitute "T.d. 2" in the record transmitted to this court. The record is confusing in that it reflects that the administrative hearing examiner who signed the findings of fact, conclu-

sions of law and recommendations was Douglas B. Dougherty, yet the registrar in his overruling of the objection on November 29, 1982 states that he has considered the recommendations and findings submitted by Robert Paxton II, administrative hearing officer.

tion of the status of the license holder. The frequency of convictions for driving under the influence of intoxicating liquor may or may not be indicative of such status. The administrative hearing examiner denied that the presumption so established was conclusive because the license holder was free to present evidence that the antecedent convictions were improperly obtained. The logic is faulty. It is not the fact of the convictions, which appellant does not contest, but the result of such fact, *i.e.*, the status as an alcoholic, which is the substance of the conclusive presumption. The appellant has never had the opportunity to offer evidence on the existence of the essential condition which would mandate the suspension of his chauffeur's license. This is the core of his due process argument.

As the Supreme Court of Ohio has stated:

"Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal which pronounces judgment upon a question of life, liberty or property, to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, such is not due process of law." *Williams* v. *Dollison* (1980), 62 Ohio St. 2d 297, 299.

Therefore, it is manifest that the judgment of the court below was in error as a matter of law in failing to find that Ohio Adm. Code 4501:1-1-16(B) denies the appellant the due course of law in violation of Section 16, Article I of the Constitution of Ohio.

Having concluded that the administrative regulation is unconstitutional, we find that the other aspects of the appellant's assignment of error, *viz.*, the dismissal of his appeal from the order of the Bureau of Motor Vehicles and the failure to reverse the decision of the agen-cy, have been subsumed in the constitutional issue. The judgment of the court of common pleas is reversed and the cause is remanded to the Bureau of Motor Vehicles for further proceedings in accordance with law. *Superior Metal Products* v. *Admr., Bur. of Emp. Serv.* (1975), 41 Ohio St. 2d 143 [70 O.O.2d 263].

*Judgment reversed*
*and cause remanded.*

KEEFE, P.J., and SHANNON, J., concur.