HAMILTON COUNTY DEPARTMENT OF HUMAN SERVICES ET AL., APPELLEES, *v.* BALL, APPELLANT.

(No. C-850640—Decided July 30, 1986.)

*Lisa C. Allen,* for appellees.

*Joseph Harvey Johnson,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Juvenile Division of the Hamilton County Court of Common Pleas.

The appeal is from the judgment of the court adopting the report of the referee recommending that the respondent-appellant, Bobby Ball, pay support for his minor child.

On December 24, 1984, the Hamilton County Department of Human Services, an agency providing financial assistance for one Bobby Lee Ball, Jr., an infant then some ten months old, filed a complaint seeking an order compelling Bobby Ball to pay support. On April 5, 1985, Ball filed his answer denying "the existence of the father-child relationship" and requesting blood-testing.

It is undisputed that Bobby Ball and appellee Brenda Ball were married on December 13, 1983, and that Bobby Lee Ball, Jr., was born on February 28, 1984. At the time of the hearing of the complaint for support, the parties were separated but the marriage had not been dissolved. At the request of Bobby Ball, the referee continued the case from April 5, 1985 to May 14 for blood tests.

On June 25, 1985, Bobby Ball and Brenda Ball were before the referee. In response to an inquiry from the referee with respect to the results of the blood tests, Bobby Ball said that he had not appeared for the test because he "didn't have the money." When the referee advised him of the presumption of paternity which attaches when a child is born during coverture, Bobby Ball restated his desire to have blood tests, adding that he would "have * * * to see if [he could] get" the money for the costs involved.

The referee proceeded to elicit testimony from Bobby Ball with respect to his income, determined that he netted $300 per week and, ultimately, set support at $70 per week.

The singular assignment of error is:

"The judgment is contrary to law and against the manifest weight of the evidence in that appellant was not accorded his constitutional rights of due process of law."

In *Gatts* v. *State* (1984), 13 Ohio App. 3d 380, 382, 13 OBR 463, 465, 469 N.E. 2d 562, 563-564, this court applied the definition of due process given by the Ohio Supreme Court in *Williams* v. *Dollison* (1980), 62 Ohio St. 2d 297, 299, 16 O.O. 3d 350, 351, 405 N.E. 2d 714, 716:

"Due process of law implies, in its most comprehensive sense, the right of

the person affected thereby to be present before the tribunal which pronounces judgment upon a question of life, liberty or property, to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, such is not due process of law."

When tested by this standard, we find that the hiatus granted by the referee, *viz.*, the continuance from April 5, 1985 to May 14, 1985, within which to have genetic blood-testing done at the expense of the respondent, was not a period of sufficient length to permit the respondent to accumulate the funds with which to defray those costs,[1] and that in proceeding to determine the issues against the respondent without affording him some further time to have the tests made, the referee denied the respondent due process of law.

Accordingly, we find the assignment of error to be well-taken.

The judgment of the Juvenile Division of the Hamilton County Court of Common Pleas is reversed, and this cause is remanded for further proceedings according to law not inconsistent with this decision.

*Judgment reversed
and cause remanded.*

SHANNON, P.J., BLACK and HILDE-BRANDT, JJ., concur.

---

[1] The costs were said to be $280.