LOWRY, APPELLEE, *v.* LOWRY, APPELLANT.

(No. 1400—Decided May 17, 1988.)

*Edward J. Brown,* for appellee.
*Alfred E. Baerkircher,* for appellant.

STEPHENSON, J. This is an appeal from a judgment entered by the Ross County Court of Common Pleas, Juvenile Division, awarding custody of Latashia and Theresa Lowry, the minor children of Larry E. Lowry, plaintiff below and appellee herein, and Davina M. Lowry, defendant below and appellant herein, to Larry E. Lowry.

Appellant assigns the following errors:

"FIRST ASSIGNMENT OF ERROR

"Denial of a motion for appointment of counsel, under Juv. R. 4(A), by and for an indigent parent in proceedings before the Juvenile Division of the Common Pleas Court certified by the General Division under R.C. 3109.06, the State being represented by an assistant prosecuting attorney, is a denial of a fundamental right and violates due process of law.

"SECOND ASSIGNMENT OF ERROR

"A party has a right, under Evid. R. 615, to an order excluding witnesses from a proceeding where testimony is heard, and denial of such an order is error.

"THIRD ASSIGNMENT OF ERROR

"It is error for a juvenile court to hear evidence on a final hearing of a cause certified from the general division under R.C. 3109.06, without reasonable notice of hearing."

On September 4, 1982, the parties

were married and, subsequently, Latashia Marie Lowry (d.o.b. January 20, 1983) and Theresa Lou Ann Lowry (d.o.b. May 8, 1984) were born as issue of the marriage. In September 1985, appellant removed herself and the minor children to Phoenix, Arizona, without appellee's consent. On October 25, 1985, appellee filed a complaint for divorce in the General Division of the Ross County Court of Common Pleas on the basis that appellant was guilty of gross neglect of duty and extreme cruelty.

On November 12, 1985, appellant filed an answer to appellee's complaint for divorce wherein she averred that she had filed a petition for legal separation in the Maricopa County Superior Court in Arizona and prayed for custody of the parties' minor children. On January 27, 1986, the General Division of the Ross County Court of Common Pleas and the Maricopa County Superior Court entered a joint order designating the Ohio court as the proper forum. On July 16, 1986, the Ross County Court of Common Pleas, General Division, granted temporary custody of the parties' minor children to appellee. On October 27, 1986, the general division entered a judgment which, *inter alia,* granted appellee a divorce on the ground that the parties lived separate and apart for one year, found that neither party was a suitable custodian for the minor children of the marriage, that custody to neither parent was in the best interests of the children, and certified the matter to the juvenile division pursuant to R.C. 3109.06.

On October 29, 1986, the trial court filed a journal entry noting that the issue of custody of the parties' children was certified to the juvenile division and ordering that Ross County Children's Services Agency be directed to conduct a home investigation and file a written report with the trial court within ten days. The trial court's October 29, 1986 journal entry set the matter for hearing on November 26, 1986.

On November 6, 1986, appellant filed a motion for the appointment of her attorney herein to represent her in proceedings before the juvenile division. On November 7, 1986, a yellow form denoting that the case was set for "hearing on Motion" in the juvenile division on November 19, 1986 was mailed to the parties and their attorneys. On November 13, 1986, the previously ordered home investigation report was filed. The filed home investigation report concluded with a recommendation that the parties' minor children be placed in the appellee's custody.

On November 19, 1986, a hearing on appellant's motion for the appointment of counsel was held before a court-appointed referee at which appellant testified that she was unemployed, that she was not receiving any income, and that she owned no real estate or bank accounts. The referee filed a report on the same date stating that appellant's motion would be taken under advisement and that a written decision would be issued within twenty-four hours. The referee's report recommended that the hearing on the merits of the custody motion be set for hearing on November 26, 1986 at 9:00 a.m. The trial court entered judgment approving the referee's recommendations.

Additionally, on November 19, 1986, appellee filed a motion to view the home investigation report previously ordered by the trial court. On November 20, 1986, the referee filed a report, approved by the trial court on the same date, taking appellant's motion for the appointment of counsel under advisement pending a response by the Ross County Prosecuting Attorney concerning payment of an indigent

person's attorney fees and vacating the November 26, 1986 hearing on the custody issue, with such hearing to be set upon receipt of an opinion from the Ross County Prosecuting Attorney. On November 20, 1986, a yellow form denoting that a hearing on appellee's November 19, 1986 motion to view the home investigation would be held on November 26, 1986 was mailed to the parties and their attorneys.

On November 26, 1986, after a hearing on appellee's motion to view the home investigation report, the referee filed a report, approved by the trial court on the same date, taking such motion under advisement. Additionally, on November 26, 1986, appellant filed an objection to the November 20, 1986 referee's report on the basis that the Ross County Prosecuting Attorney's opinion would not be that of a disinterested party. Appellant further filed a motion for a transcript of the November 19, 1986 hearing before the referee. On November 28, 1986, a yellow form stating that the case was set for a December 9, 1986 hearing on appellant's November 26, 1986 objection to the November 20, 1986 referee's report and her motion for a transcript of the November 19, 1986 hearing was mailed to the parties and their attorneys.

On December 3, 1986, appellant moved for an order continuing the scheduled December 9, 1986 hearing, and on the same date the trial court granted the continuance, setting December 16, 1986 as the new date for the hearing on appellant's objection to the referee's report and motion for transcript. On December 16, 1986, a hearing was held before the trial court judge at which appellant withdrew her motion for a transcript and, after hearing argument, the trial court took appellant's objection to the November 20, 1986 referee's report under advisement.

Following the argument on the pending motions, the following exchange occurred:

"JUDGE RADCLIFFE

"This matter is now on for hearing for this Court to make a determination on the custody and do you wish to present testimony, either of you?

"MR. BROWN

"Your honor, at this time I am not prepared. I would like to have time to go over the report and I would ask the Court for a continuance to a later date.

"JUDGE RADCLIFFE

"Mr. Brown, this matter has been pending before this Court since October. Now, I have got to make a determination as to whether or not these children are removed from the custody of Mr. Lowry and placed in a public agency or whether they are placed in the temporary custody of either of these parties.

"* * *

"MR. BAERKIRCHER

"Judge, I don't believe we had notice that this is a hearing on merits.

"JUDGE RADCLIFFE

"It is not a question of hearing on merits, I set the matter for hearing last October, Mr. Baerkircher."

Following the direct examination of appellee, appellant's attorney reiterated to the trial court that he was not prepared to cross-examine appellee on the custody issue in that he had no notice of such hearing. Appellant's attorney then requested that the witnesses be separated and the trial court denied such request.

On January 13, 1987, the trial court, upon request of appellee, filed findings of fact and conclusions of law. On January 20, 1987, the trial court entered judgment finding that appellee was a fit and suitable person to have custody of the parties' minor children, that it was in the best interests of the minor children that custody be granted to appellee, and thereby awarded cus-

tody of the minor children to appellee. The January 13, 1987 entry further noted that the trial court had taken the matter of appellant's motion for the appointment of counsel under advisement.

On February 5, 1987, appellant's attorney filed an application for attorney fees, requesting $165.70 for such fees incurred. On February 20, 1987, the trial court entered judgment denying the application for attorney fees, stating that the matter was a custody proceeding that had been certified to the juvenile division and that there was no statutory authority submitted requiring such payment. Appellant filed a notice of appeal and requested only a partial transcript of the December 16, 1986 custody hearing, excluding all the testimonial evidence presented.

Appellant's first assignment of error asserts that the trial court's denial of a motion for appointment of counsel under Juv. R. 4(A) for an indigent parent in proceedings before the juvenile division certified pursuant to R.C. 3109.06 constituted a denial of a fundamental right and a violation of due process of law. Appellant argues that the trial court erred in denying her motion for appointment of counsel and subsequent application for attorney fees.

R.C. 3109.06 provides, in pertinent part, as follows:

"Any court, other than a juvenile court, having jurisdiction in any case respecting the care, custody, or support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much of the record and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction.

"In cases in which the court of common pleas finds the parents unsuitable to have the custody of the child or children, consent of the juvenile court shall not be required to such certification.

"* * *

"Any disposition made pursuant to this section, whether by a juvenile court after a case is certified to it, or by any court upon the death of a person awarded custody of a child, shall be made in accordance with section 3109.04 of the Revised Code. If an appeal is taken from a custody decision made pursuant to this section, the court of appeals shall give the case calendar priority and handle it expeditiously."

R.C. 2151.23, specifying the matters upon which juvenile courts have subject matter jurisdiction, provides, in pertinent part, as follows:

"(D) The juvenile court has jurisdiction to hear and determine all matters as to custody and support of children duly certified by the court of common pleas to the juvenile court after a divorce decree has been granted, including jurisdiction to modify the judgment and decree of the common pleas court as the same relate to the custody and support of children.

"* * *

"(F) The juvenile court shall exercise its jurisdiction in child custody matters in accordance with section 3109.04 and sections 3109.21 to 3109.36 of the Revised Code."

When a case concerning a child is transferred or certified from another court, the certification from the transferring court is deemed to be the complaint. *In re Snider* (1984), 14 Ohio App. 3d 353, 14 OBR 420, 471 N.E. 2d 516; Juv. R. 10. However, this certification does not constitute a complaint in the juvenile court that the child is

neglected, dependent or abused and those dispositions provided for under R.C. 2151.353 pertaining to neglected, dependent or abused children, including an award of permanent custody to a county welfare department which has assumed the administration of child welfare, are not applicable to such a child, disposition thereof being subject to and controlled by the standards set forth in R.C. 3109.04(A). *Snider, supra*; R.C. 2151.23(F); *In re Height* (1975), 47 Ohio App. 2d 203, 1 O.O. 3d 279, 353 N.E. 2d 887.

Accordingly, the issue then resolves into whether, upon certification to a juvenile court pursuant to R.C. 3109.06, such court, although having to apply the "best interests" custody determination of R.C. 3109.04(A), must utilize applicable Rules of Juvenile Procedure. In this context, Juv. R. 1 provides, in pertinent part, as follows:

"(A) Applicability. These rules prescribe the procedure to be followed in all juvenile courts of this state in all proceedings coming within the jurisdiction of such courts, with the exceptions stated in subdivision (C).

"(B) Construction. These rules shall be liberally interpreted and construed so as to effectuate the following purposes:

"(1) to effect the just determination of every juvenile court proceeding by ensuring the parties a fair hearing and the recognition and enforcement of their constitutional and other legal rights;

"* * *

"(C) Exceptions. These rules shall not apply to procedure (1) upon appeal to review any judgment, order or ruling, (2) upon the trial of criminal actions, (3) upon the trial of divorce, annulment, and alimony actions, (4) in proceedings to determine the paternity of any child born out of wedlock, and (5) in the commitment of the mentally

ill and mentally retarded; provided that when any statute provides for procedure by general or specific reference to the statutes governing procedure in juvenile court actions such procedure shall be in accordance with these rules."

When a case is once certified to a juvenile court, that court has exclusive jurisdiction and the jurisdiction of the common pleas court ceases. *Handelsman* v. *Handelsman* (1958), 108 Ohio App. 30, 9 O.O. 2d 101, 160 N.E. 2d 543; *Harlor* v. *Harlor* (1946), 79 Ohio App. 504, 35 O.O. 310, 65 N.E. 2d 512; *Pylant* v. *Pylant* (1978), 61 Ohio App. 2d 247, 15 O.O. 3d 407, 401 N.E. 2d 940; *Height, supra.* Juv. R. 1 (C) makes it clear that when jurisdiction is transferred to the juvenile court by any other court pursuant to R.C. 3109.06, the Rules of Juvenile Procedure apply. Kurtz & Giannelli, Ohio Juvenile Law (1985) 270, Editor's Comment to Juv. R. 1; *Squires* v. *Squires* (1983), 12 Ohio App. 3d 138, 140, 12 OBR 460, 462, 468 N.E. 2d 73, 76.

Juv. R. 4(A) provides as follows:

"Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. * * *" See, also, R.C. 2151.352.

Juv. R. 4(A) and R.C. 2151.352 guarantee the right to counsel for all indigent parties in juvenile court proceedings. Kurtz & Giannelli, *supra,* at 122, Text. 11.03; 1984 Ohio Atty. Gen. Ops. No. 84-023, at 2-71. In the case at bar, appellant was a "party" to a "juvenile court proceeding" as defined in Juv. R. 2(16) and an "indigent person" as defined in Juv. R. 2(12). Therefore, in that the proceeding herein became a juvenile court proceeding once certified under R.C.

3109.06, applicable Rules of Juvenile Procedure, including the right of indigent parties to appointed counsel, governed the proceeding. *Squires, supra*; Juv. R. 1(A). Thus, the trial court erred in refusing to appoint counsel for appellant for the custody proceeding and further erred in denying appellant's counsel's subsequent application for attorney fees. Appellant's first assignment of error is sustained.[1]

Appellant's second assignment of error asserts that the trial court erred in denying her motion for a separation of witnesses at the custody proceeding. Evid. R. 615 provides as follows:

"At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause."

Juv. R. 29 permits juvenile proceedings to be held in an "informal manner." See, also, R.C. 2151.35. However, otherwise inadmissible hearsay evidence is not admissible at the adjudicatory stage of a neglect and dependency proceeding, because the importance of the parental interests involved demands an accurate determination of the facts surrounding a complaint alleging neglect or dependency and requires substantial compliance with the Rules of Evidence. *In re Sims* (1983), 13 Ohio App. 3d 37, 13 OBR 40, 468 N.E. 2d 111; *In re Richardson* (Aug. 19, 1987), Scioto App. No. 1674, unreported, at 19.

In the instant case, the parental interests regarding the custody determination are arguably of the same importance as those interests involved in *Sims, supra,* which would demand the same substantial compliance with the Rules of Evidence as in normal R.C. 3109.04 custody proceedings in the general divisions of common pleas courts. See, also, Juv. R. 45, providing that "[i]f no procedure is specifically prescribed by these rules, the court shall proceed in any lawful manner not inconsistent therewith."

Assuming *arguendo* that the Rules of Evidence apply to a custody proceeding certified pursuant to R.C. 3109.06 to the juvenile division of a common pleas court, Evid. R. 615 would provide the applicable evidentiary rule with respect to appellant's motion for a separation of witnesses. However, while Evid. R. 615 mandates that witnesses must be separated at the request of a party, certain persons may not be excluded or separated under any circumstances. 1 Weissenberger, Ohio Evidence (1985) 85, Section 615.2. For example, a party cannot be excluded from the trial. Markus, Trial Handbook for Ohio Lawyers (1982) 250, Section 124; *In re Unauthorized Practice of Law* (1963), 175 Ohio St. 149, 23 O.O. 2d 445, 192 N.E. 2d 54, certiorari denied (1964), 376 U.S. 970; *In re Estate of Soeder* (1966), 7 Ohio App. 2d 271, 36 O.O. 2d 404, 220 N.E. 2d 547; Evid. R. 615(1).

In the case *sub judice,* the record

---

[1] Although the sustaining of appellant's first assignment of error requires a reversal of the trial court's February 20, 1987 judgment denying appellant's attorney's February 5, 1987 application for attorney fees, it does not, by itself, require a reversal of the January 20, 1987 trial court judgment granting custody of the minor children to appellee since appellant's attorney did represent her at such hearing.

does not indicate any other witness at the custody hearing other than the parties. Additionally, in order to support a reversal of a judgment, the record must show affirmatively not only that error intervened, but that such error was to the prejudice of the party seeking such reversal. *Gries Sports Enterprises, Inc.* v. *Cleveland Browns Football Co.* (1986), 26 Ohio St. 3d 15, 28, 26 OBR 12, 23, 496 N.E. 2d 959, 969; *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107, 41 O.O. 2d 412, 233 N.E. 2d 137, paragraph one of the syllabus. Appellant has the burden under Ohio law to establish more than just a mere possibility of prejudice. *Tirpak* v. *Weinberg* (1986), 27 Ohio App. 3d 46, 51, 27 OBR 49, 54, 499 N.E. 2d 397, 402. At the trial herein, appellant's counsel only stated that "[m]aybe there are some other persons present who may be called to testify" and that he "believe[d]" there were some witnesses in the courtroom. Therefore, the trial court did not err in refusing appellant's motion for a separation of witnesses. Appellant's second assignment of error is overruled.

Appellant's third assignment of error asserts that the trial court erred in hearing evidence on a final hearing of a cause certified from the general division under R.C. 3109.06, without reasonable notice of hearing.

The Fourteenth Amendment to the United States Constitution, as well as Section 16, Article I of the Ohio Constitution, guarantees that no person shall be deprived of life, liberty, or property without due process of law. Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal which pronounces judgment upon a question of life, liberty or property, to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the manner involved. *Hamilton Cty. Dept. of Human Services* v. *Ball* (1986), 36 Ohio App. 3d 89, 89-90, 521 N.E. 2d 462, 463; *Gatts* v. *State* (1984), 13 Ohio App. 3d 380, 382, 13 OBR 463, 465, 469 N.E. 2d 562, 563-564; *Williams* v. *Dollison* (1980), 62 Ohio St. 2d 297, 299, 16 O.O. 3d 350, 351, 405 N.E. 2d 714, 716.

What process is due depends upon the private interest affected by the government action, the risk of erroneous deprivation and the value of additional safeguards, and the government's interest, including the importance of the function and the fiscal and administrative burden. *Fleming* v. *United States Dept. of Agriculture* (C.A. 6, 1983), 713 F. 2d 179; *Mathews* v. *Eldridge* (1976), 424 U.S. 319. The most basic consideration of constitutional due process is whether the person being deprived of a liberty or property interest has been given an opportunity to be heard at a meaningful time and in a meaningful manner. *Lee* v. *Western Reserve Psychiatric Habilitation Center* (C.A. 6, 1984), 747 F. 2d 1062; *Fleming, supra; Mathews, supra.*

The private liberty interest involved herein is the right of a natural parent to the custody of her minor children. There is no Ohio statute or rule which specifically requires a court to give notice of the setting down of a date for trial.[2] *Ohio Valley Radiology Assoc., Inc.* v. *Ohio Valley Hosp. Assn.* (1986), 28 Ohio St. 3d 118, 123, 28 OBR 216, 220-221, 502 N.E. 2d 599, 603. However, Ohio courts have traditionally held that some form of court notice of a trial date is required to satisfy constitutional due process. *Id.* at 124, 28 OBR at 221, 502 N.E. 2d at 604.

In *Ohio Valley Radiology Assoc.,*

---

[2] Appellant cites Civ. R. 6(D) in support of the proposition that this does require notice of a trial date. However, Civ. R. 6(D) only applies to notice of hearing on motions.

*Inc., supra,* the Supreme Court of Ohio held that due process entitles a party to reasonable notice of the setting of a trial date, by stating as follows at 124-125, 28 OBR at 222, 502 N.E. 2d at 604-605:

"The United States Supreme Court has held that '[t]he fundamental requisite of due process of law is the opportunity to be heard.' *Grannis* v. *Ordean* (1914), 234 U.S. 385, 394. The court has also held that: 'An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * *' *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314.

"Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law, and thus guarantee 'a reasonable opportunity to be heard after a reasonable notice of such hearing.' *State, ex rel. Allstate Ins. Co.,* v. *Bowen* (1936), 130 Ohio St. 347 [4 O.O. 427], paragraph five of the syllabus. We have recently held, in the context of notice of a trial court's entry of judgment, that 'failure to give reasonable notice renders Section 16, Article I of the Ohio Constitution * * * meaningless.' *Moldovan* v. *Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, 296, at fn. 4.

"A review of the record in this case fails to indicate that the plaintiffs-appellees had reasonable notice, constructive or otherwise, of the trial date sufficient to satisfy minimal due process. Because the judgment of the trial court was entered after a trial which was conducted without reasonable notice to the plaintiffs-appellees, it violated both the Fourteenth Amendment to the United States Constitution

and Section 16, Article I of the Ohio Constitution."

A review of the record in the instant case indicates that the trial court, by its October 29, 1986 entry, set the custody hearing for November 26, 1986. However, the trial court vacated this custody hearing date with a November 20, 1986 entry. The yellow form mailed to the parties and their attorneys on November 28, 1986 indicated that only appellant's objection to the referee's report and her motion for a transcript would be heard on December 9, 1986, with such date ultimately continued until December 16, 1986. On such date, the trial court proceeded to hold the custody hearing despite objections by both parties.

The foregoing circumstances are indicative of a failure of the trial court to give any notice, constructive or otherwise, that the custody proceeding would be heard on December 16, 1986. The importance of notice is manifest where initial proceedings have been instituted without notice, the court's holding that the jurisdiction of the juvenile court does not attach until notice of the proceedings has been provided to the parties, and absent such notice, the judgment of the court is void. *In re Frinzl* (1949), 152 Ohio St. 164, 177, 39 O.O. 456, 462, 87 N.E. 2d 583, 589; *Lewis* v. *Reed* (1927), 117 Ohio St. 152, 157 N.E. 897; *In re Miller* (1986), 33 Ohio App. 3d 224, 225-226, 515 N.E. 2d 635, 638. A lack of notice and an opportunity to be heard renders a custody order invalid. *Miller, supra; Williams* v. *Williams* (1975), 44 Ohio St. 2d 28, 31, 73 O.O. 2d 121, 122-123, 336 N.E. 2d 426, 428. While the court below had jurisdiction, the trial court's failure to provide reasonable notice nevertheless constituted error.

Appellee does not contend herein that the parties did receive reasonable notice, but merely asserts that any error caused by the failure of the trial

court to give the parties notice of the custody proceeding was not shown to be prejudicial where appellant did not request the testimonial evidence adduced at that proceeding as part of the record on appeal. Error is harmless when it does not affect the substantial rights of the parties. *Ferguson* v. *Owens* (1985), 27 Ohio App. 3d 155, 27 OBR 187, 500 N.E. 2d 396; Civ. R. 61. Here, the lack of notice of the custody proceeding unambiguously affected "substantial rights" of both parties where neither was prepared to present testimony upon the custody issue and had not been given notice in order to have all their witnesses on such issue present. Although it may well have been preferable for appellant to have ordered a complete transcript of proceedings on appeal, she has met her burden with the portion that she has requested of showing more than a "mere possibility of prejudice."[3] *Tirpak, supra,* at 51, 27 OBR at 54, 499 N.E. 2d at 402. For the foregoing reasons, appellant's third assignment of error is sustained, and the judgment of the trial court awarding permanent custody of the parties' minor children to appellee and denying appellant's application for attorney fees and appointment of counsel is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

GREY, P.J., and ABELE, J., concur.

---

[3] In so holding, we reject appellant's objection on appeal that the parties did not have access to the home investigation report prior to the December 16, 1986 hearing because the record indicates that the home investigation report was filed as part of these original papers herein on November 13, 1986.