DECISION AND JUDGMENT ENTRY
Terry and Mary Moody appeal the decision of the Athens County Common Pleas Court, Juvenile Division, which denied their motion to reunify their family and placed their daughter, Melissa Moody, in the legal custody of Melissa's grandparents. Terry Moody argues that the trial court violated his constitutional right against compulsory self-incrimination. Because we find that the case plan did not explicitly require Terry Moody to admit to raping his daughter, Thelma, we disagree. The Moodys argue that the trial court erred in denying Terry Moody's motion to appoint legal counsel for Melissa. Because we find that Melissa was entitled to legal representation, we agree. Terry and Mary Moody next argue that the trial court's decision regarding custody of Melissa was against the manifest weight of the evidence and an abuse of discretion. We do not address these arguments because they are rendered moot by the disposition of other issues. Accordingly, we affirm in part and reverse in part the judgment of the trial court.
 I.
In December 1997, Athens County Children Services ("ACCS") filed a complaint in the trial court alleging that Melissa Moody was a dependent child. ACCS claimed that Melissa's half-sister, Thelma, was repeatedly raped by their father, Terry Moody, while Thelma was between eight and thirteen years old.[1] In addition to being Melissa's mother and Terry Moody's wife, Mary Moody is Thelma Moody's stepmother and maternal aunt. Terry and Mary Moody raised Thelma from the time she was three years old. Thelma is about a year older than Melissa.
In early 1998, the trial court found that Terry had sexually abused Thelma,[2] and adjudicated Melissa a dependent child. The trial court placed Melissa in the temporary care of ACCS. In December 1998, the trial court extended ACCS' custody by six months.
In December 1998, Terry Moody filed a motion for court-appointed counsel for Melissa. The trial court denied the motion.[3]
In May 1999, Mary Moody filed a motion to reunify Melissa with her parents. In August 1999, ACCS moved to modify the previous dispositional order to place Melissa in the legal custody of her paternal grandparents, Carl and Thelma Moody, with an order of protective supervision to remain with ACCS.
In January 2000, the trial court denied Mary Moody's motion for reunification and granted ACCS's motion. The trial court placed Melissa in the legal custody of her paternal grandparents and issued an order of protective supervision by ACCS.
Terry and Mary Moody each filed an appeal, which we sua sponte
consolidated. The Moodys assign the following errors:[4]
 I. In order to comply with the case plan and to be reunited with his daughter, father was required to expose himself to criminal prosecution.
 II. The trial court's denial of motions to appoint counsel to represent Melissa Moody was a denial of a fundamental right violating due process of law and resulting in prejudicial error.
 III. The trial court abused its discretion in denying the parents' motion to reunify and granting legal custody to the paternal grandparents.
 IV. The evidence did not support the decision of the court by the requisite standard of proof, and the court abused its discretion by failing to place the child Melissa Moody in the custody of her parents.
In June 2000, ACCS filed a motion with the trial court seeking to modify custody of Melissa to temporary custody to ACCS. According to this motion, Melissa was no longer residing with her grandparents, Melissa did not wish to return to their home, and the grandparents did not wish to care for Melissa if she did not want to return. Also in June 2000, Mary Moody filed a motion requesting that temporary care of Melissa be granted to her parents, and the guardian ad litem filed a statement of position urging the trial court to keep Melissa in the legal custody of her grandparents.
In June 2000, the trial court granted ACCS's motion and returned Melissa to the temporary care of ACCS. On January 8, 2001, ACCS filed a motion to dismiss these appeals, alleging that they have been rendered moot because Melissa is no longer in the legal custody of her paternal grandparents.
 II.
We begin by addressing ACCS's motion to dismiss. ACCS argues that these appeals should be dismissed as moot because Melissa's paternal grandparents no longer have custody of her.
To determine if these appeals are moot, we must determine whether it is impossible, presuming our decision would be in favor of the appellants, to grant them effectual relief. If it is impossible to do so, then the motion to dismiss should be granted. See James A. Keller, Inc. v.Flaherty (1991), 74 Ohio App.3d 788, citing South Pacific Terminal Co.v. Interstate Commerce Comm. (1910), 219 U.S. 498 ("It is not the duty of a court to decide purely academic or abstract questions. * * * [I]f, pending an appeal, something occurs * * * which renders it impossible, if our decision should be in favor of the plaintiff, to grant him effectual relief, the appeal will be dismissed.") If we were to find in favor of the appellants, we would reverse and remand the trial court's decision to the trial court for it to determine who should have custody of Melissa. It is conceivable that the trial court would award custody of Melissa to the appellants. Because it is possible, presuming our decision would be in favor of appellants, to grant them effectual relief, these appeals are not moot.
Therefore, we deny ACCS's motion to dismiss these appeals as moot.
 III.
In the first assignment of error, the Moodys assert that Terry Moody was unable to comply with the court-imposed case plan because it required him to subject himself to criminal prosecution. We disagree.
Terry was indicted on charges that he raped Thelma, but a jury found him not guilty. During the jury trial, Terry testified that he did not ever sexually abuse Thelma.
Ms. Harris, the ACCS caseworker first assigned to Melissa's case, testified that she developed a case plan to attempt to reunify appellants with Melissa. The primary concerns addressed in this case plan were: (1) the "poor hygiene and filthy living conditions" in the Moody household; (2) the sexual abuse of Thelma; (3) Melissa's brother Bradley's behavioral problems; (5) the need for Mary and Melissa Moody to seek sexual-abuse counseling.
The Moodys argue that the sole requirement in the case plan that they did not comply with was ACCS's sexual-abuse investigation, which required Terry Moody to admit that he raped Thelma, before it would consider reunifying Melissa with her parents. The Moodys allege that if Terry Moody admitted that he raped Thelma, he would be subjecting himself to criminal liability for perjury since he testified in the criminal trial that he did not rape Thelma.
The Moodys rely heavily upon In re Amanda W. (1997), 124 Ohio App.3d 136. In In re Amanda W., Amanda alleged that her father had sexually abused her. Amanda's parents admitted that someone had abused Amanda, but denied that the abuser was Amanda's father. Amanda's parents substantially complied with their case plans in almost all respects. However, their persistent denial that Amanda's father was her abuser caused the Lucas County Children Services to seek permanent custody of Amanda. The case plan required Amanda's father to admit that he abused Amanda. The Sixth District Court of Appeals held that a case plan that requires a parent to admit to a criminal act, without an offer of immunity for such an admission, violated the parents' Fifth Amendment rights to refrain from incriminating themselves.
In re Amanda W. is distinguishable from this case for two reasons. First, the case plan did not explicitly or implicitly require Terry to admit to sexually abusing Thelma. Rather, the case plan required Terry tocooperate in the investigation of her allegations. Terry argues that he was required to admit to the abuse because in order to receive counseling he had to admit to abusing Thelma. The amended case plan required Terry to "seek counseling to deal with the allegations that he sexually abused Thelma, and also to deal with his past sexual abuse." The trial court later ordered Terry to seek counseling for a myriad of issues, but did not mandate sex offender treatment. There was no evidence that Terry was required to admit to any crime in order to participate in these types of therapy. Second, Terry, unlike Amanda W.'s parents, did not substantially comply with the remainder of the case plan. He never moved out of the family residence or cooperated in the investigation of Thelma's abuse.
Accordingly, we overrule the Moodys' first assignment of error.
 IV.
In their second assignment of error, the Moodys argue that the trial court erred in denying court-appointed counsel to Melissa Moody.
"Under the plain language of R.C. 2151.352, indigent children * * * are entitled to appointed counsel in all juvenile proceedings." State exrel. Asberry v. Payne (1998), 82 Ohio St.3d 44, 48, citing State ex rel.Butler v. Demis (1981), 66 Ohio St.2d 123. See, also, Lowry v. Lowry
(1988), 48 Ohio App.3d 184, 188. "An appealing party may complain of an error committed against a non-appealing party when the error is prejudicial to the rights of the appellant." In re Smith (1991),77 Ohio App.3d 1, 13, citing State v. Ward (Sept. 21, 1988), Summit App. No. 13462, unreported. See, also In re Dewayne Clark (Jan. 18, 2001) Cuyahoga App. No. 76852, unreported; In re Jennifer L. (May 1, 1998), Lucas App. No. L-97-1295, unreported. When parents and their children who are not in the parents' custody seek the same outcome, e.g.,
reunification, an error that is prejudicial to the children's interests in that outcome is similarly prejudicial to the parents' interests.Smith; In re Jennifer L.; In re Dewayne Clark. Thus, the parents would have standing to raise such an error. Id.
Here, Melissa and her parents sought the same outcome, reunification of the family. Therefore, her parents have standing to raise this issue.
As an indigent child who had no one else to represent her, Melissa was entitled to a court-appointed attorney. Pursuant to R.C. 2151.011(B)(16), the guardian ad litem cannot qualify as Melissa's guardian because she cannot "exercise parental rights." See In re Dewayne Clark. Melissa's parents and their attorneys represented their own interests even though they sought the same outcome as Melissa. Id. Lastly, ACCS cannot qualify as Melissa's representation because it sought an outcome Melissa did not want. Id.
Accordingly, we find that the trial court erred in failing to appoint counsel for Melissa. We sustain the Moodys' second assignment of error.
 V.
We decline to address the Moodys' third and fourth assignment of error because they have been rendered moot. App.R. 12.
 VI.
In sum, we have overruled the Moodys' first assignment of error, sustained their second assignment of error, and found that their third and fourth assignments of error are moot. Accordingly, we affirm in part and reverse in part the judgment of the trial court. We remand this case for further proceedings not inconsistent with this opinion. We make no determination on the effect that our decision in the pending case of Inre Melissa Moody Athens App. Nos. 01CA11 01CA14 may have on future proceedings in this case. We leave that determination to the trial court.
[1] We affirmed the trial court's grant of permanent custody of Thelma to ACCS in In re Moody (Aug. 7, 2000), Athens App. No. 99CA62, unreported and In re Moody (Aug. 7, 2000), Athens App. No. 99CA63, unreported.
[2] A jury acquitted Terry Moody of related criminal charges.
[3] Mary Moody also filed a motion for court-appointed counsel for Melissa. Because the record does not contain a ruling by the trial court on this motion, we presume that the trial court overruled it. The V Cos.v. Marshall (1998), 81 Ohio St.3d 467, 469; Forsyth v. Brigner (1999),86 Ohio St.3d 299.
[4] We note that Terry Moody submitted the first three assignments of error in his brief. Mary Moody submitted the fourth assignment of error in her brief.