DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Misty Hedrick, has appealed from separate judgments of the Medina County Court of Common Pleas, Juvenile Division, that terminated her parental rights to two of her minor children and placed them in the permanent custody of Medina County Job and Family Services ("JFS"). This Court affirms.
 I {¶ 2} Hedrick is the mother of two minor children, J.B., born November 28, 1999, and B.B., born December 26, 2000. Hedrick and her children had prior involvement with children services agencies in other counties throughout most of the children's lives, stemming from a variety of problems including neglect of the children, substance abuse by Hedrick, and domestic violence between the parents. JFS first became involved with this family during May 2001.
 {¶ 3} Medina County offered many services to Hedrick, but she failed to participate in most of the programs that her case plan required. In addition to her failure to complete her education and to follow through with counseling, Hedrick did not consistently attend visitation with her children and eventually stopped visiting altogether. At the time of the permanent custody hearing, the children were only two and three years old and Hedrick had not seen them for more than five months. Following a hearing, the trial court granted permanent custody of both children to JFS.
 {¶ 4} Hedrick timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
"The trial court erred as a matter of law in awarding permanent custody of the children to the appellee where the trial court failed to consider all required factors regarding the best interests of the children under Ohio Revised Code § 2151.414(D)."
 {¶ 5} Before a juvenile court can terminate parental rights and award to a proper moving agency permanent custody of a child, it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least 12 months of the prior 22 months, or that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). See R.C. 2151.414(B)(1) and 2151.414(B)(2); see, also, In re William S. (1996), 75 Ohio St.3d 95, 99.
 {¶ 6} The trial court found, among other things, that the children were abandoned and that it was in their best interests to be placed in the permanent custody of JFS. Hedrick has challenged the trial court's finding only on the best interest prong of the test. Hedrick has asserted that the trial court committed reversible error because it did not consider all of the factors mandated by R.C. 2151.414(D) when determining whether it was in the best interests of the children to be placed in the permanent custody of JFS.
 {¶ 7} When determining whether a grant of permanent custody is in the child's best interest, the juvenile court must:
"[C]onsider all relevant factors, including, but not limited to, the following:
"(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
"(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
"(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; [and]
"(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency[.]" R.C. 2151.414(D)(1)-(4)[1].
 {¶ 8} "Although the trial court is not precluded from considering other relevant factors, the statute explicitly requires the court to consider all of the enumerated factors." See In re Smith, 9th Dist. No. 20711, 2002-Ohio-34; see, also, In re Palladino, 11th Dist. No. 2002-G-2445, 2002-Ohio-5606, at ¶ 24.
 {¶ 9} Hedrick has attempted to analogize this case to In re A.D.and M.D., 9th Dist. No. 02CA008090, 2002-Ohio-6032, in which this Court reversed a permanent custody judgment because the children services agency had failed to present clear and convincing evidence that permanent custody was in the best interests of the children. Although the trial court in In re A.D. and M.D. had indicated that it considered each of the best interest factors, the agency had presented so little evidence on each factor that this Court concluded that it would have been impossible for the trial court to have adequately considered the required factors. Of particular significance was the lack of evidence pertaining to the mother's visitation with the children during the period of temporary custody, the interrelationship between the two siblings, and the custodial history of the children either during their involvement with the agency or during the ten years prior to that time when they lived with their mother. Moreover, much of the evidence that was before the court supported returning the children to their mother, not granting permanent custody to the agency. Id.
 {¶ 10} The evidence presented by JFS in this case was quite different. There was evidence of Hedrick's interaction with her children and it was not favorable to her. Hedrick attended only 30 of the 86 visits that were available to her. During the five-month period prior to the hearing, Hedrick did not attend a single visit with her children. Hedrick briefly testified about her poor rate of attendance at visitations, noting that the children were probably hurt when she did not visit, but she offered no explanation for her failure to visit her children. Although Hedrick left some phone messages and spoke to her caseworker occasionally during her five-month absence from visitations, she inquired only once or twice about the children or their well-being.
 {¶ 11} According to the report of the guardian ad litem, both children were placed in the same foster home and had bonded with the foster parent. The foster parent also had demonstrated a capability of dealing with the children's behavior problems that had developed during the period of time when their mother had no contact with them.
 {¶ 12} Because the children were only two and three years old at the time of the permanent custody hearing, they did not express their wishes to the court. Instead, the guardian ad litem spoke on their behalf. The guardian ad litem, focusing on Hedrick's lack of reliability and commitment to her children, indicated that it would not be in the best interests of the children to be returned to their mother.
 {¶ 13} Although the children had not been in the temporary custody of JFS for 12 of the past 22 months, they had been residing outside of their mother's home for almost 12 months. Given their young ages, this period of time represented nearly one-third of J.B.'s lifetime and almost one-half of B.B's life. As this court stressed in In re Smith, 9th Dist. No. 20711, 2002-Ohio-34, however, "the time period in and of itself cannot be held against the parent without considering * * * the implications that it had on [these children]." During this time period, rather than visiting with her children and working on the goals of her case plan to better her home environment for the children, Hedrick admitted to her case worker that she was partying with friends, drinking alcohol and smoking marijuana, five to seven days per week. She was employed for only one month during this period and showed little progress on any of the goals of her case plan.
 {¶ 14} Shortly after the children were removed from the home, Hedrick attempted suicide. Hedrick admitted that she has had a problem with depression. Consequently, as part of her case plan, she had agreed to get a psychiatric evaluation, which she did, and to attend counseling and take the medication prescribed for her depression. Hedrick did not consistently take her medication and she did not attend counseling until the week before the hearing. She also failed to work toward the other goals of her case plan such as attending anger management counseling and obtaining a GED.
 {¶ 15} Given all of the evidence before the trial court, this Court cannot say that it lacked clear and convincing evidence that it was in the best interests of J.B. and B.B. to be placed in the permanent custody of JFS. The first assignment of error is overruled.
 Assignment of Error Number Two
"The trial court abused its discretion when it summarily approved the judgment entries forming the basis for this appeal where the appellee unilaterally submitted the entries to the trial court in contravention of the trial court's local rule governing submission of judgment entries."
 {¶ 16} Hedrick has asserted that the trial court erred in accepting the journal entry submitted by JFS because it failed to comply with Rule 19 of the Medina County Juvenile Court Rules of Practice. Even if this Court were to assume that the trial court failed to follow its own local rule and that such failure constituted error, Hedrick has the burden, not only of showing error, but of showing prejudice resulting from that error. Lowry v. Lowry (1988), 48 Ohio App.3d 184, 190, citingGries Sports Enterprises, Inc. v. Cleveland Browns Football Co. (1986),26 Ohio St.3d 15, 28.
 {¶ 17} Hedrick has argued merely that "[b]y not having the opportunity to review the proposed judgment entries as required by Local Rule 19, Appellant could not challenge misrepresentations of fact contained in those entries." Hedrick has failed to detail on appeal, however, any of the "misrepresentations of fact" to which she refers. Consequently, because Hedrick has failed to explain how she might have been prejudiced by the alleged error, her second assignment of error is overruled.
 III {¶ 18} Hedrick's assignments of error are overruled and the judgment of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., and CARR, J., concur.
[1] The factor set forth in R.C. 2151.414(D)(5) is not relevant in this case.