[Cite as *In re E.B.*, 2016-Ohio-7763.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: E.B.

C.A. No. 28151

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DN 15-06-0402

DECISION AND JOURNAL ENTRY

Dated: November 16, 2016

WHITMORE, Judge.

{¶1} Appellant, Candice B. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her child, E.B., an abused and dependent child and placed her in the temporary custody of her maternal grandmother ("Grandmother"). This Court affirms.

I

{¶2} Mother is the mother of E.B., born December 4, 2011. The child's father did not appeal from the trial court's judgment.

{¶3} Akron Police removed E.B. from Mother's custody pursuant to Juv.R. 6 on June 19, 2015 after Mother physically assaulted Grandmother while Grandmother was driving a moving vehicle in which E.B. was also riding as a passenger. On June 22, 2015, Summit County Children Services Board ("CSB") filed a complaint, alleging that E.B. was an abused and dependent child. In addition to Mother assaulting Grandmother while she was driving E.B. in a

moving vehicle, CSB alleged that Mother was subsequently admitted to the hospital to be treated for psychiatric problems.

{¶4} Following an adjudicatory hearing before a magistrate, E.B. was adjudicated an abused and dependent child. Mother filed objections, which were overruled by the trial court. The trial court entered independent judgment that adjudicated E.B. as an abused child under R.C. 2151.031(B) and as a dependent child under R.C. 2151.04(C) and placed her in the temporary custody of Grandmother. Mother appeals and raises two assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND PLAIN ERROR IN PERMITTING THE CASEWORKER TO TESTIFY AND EXPLAIN MOTHER'S DIAGNOSIS.

{¶5} Mother's first assignment of error is that the trial court erred by allowing the caseworker to testify about Mother's mental health diagnosis because she was not qualified as an expert witness. Even if Mother could convince this Court that the trial court erred in allowing this evidence, to establish reversible error, Mother must also demonstrate that she suffered prejudice as a result. *In re L.P.*, 9th Dist. Summit No. 27792, 2015-Ohio-4164, ¶ 11, citing *Lowry v. Lowry,* 48 Ohio App.3d 184, 190 (4th Dist.1988). Although the caseworker briefly testified about Mother having a mental health diagnosis, Mother also testified that she had a history of mental health diagnoses and treatment. Moreover, Mother conceded that, during the incident in Grandmother's vehicle, she "freaked out and started yelling" and then began to have flashbacks about her childhood. Mother further testified that when her "sense [was] coming back[,]" she realized that she had hit Grandmother and could not believe it.

{¶6} Mother presented the testimony of a friend who saw her immediately after the incident. The friend testified that Mother was "frantic[,]" that she had difficulty calming her down, and that she was afraid to leave Mother alone because she "was so out of it." That witness further testified that Mother later overdosed on prescription medication in her presence. Mother also admitted that she had taken an overdose of her prescription medications and had to be hospitalized for medical and psychiatric treatment.

{¶7} Because Mother has failed to demonstrate that she suffered any prejudice from the admission of the caseworker's testimony, her first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND PLAIN ERROR IN FINDING THAT E.B. IS AN ABUSED CHILD PURSUANT TO R.C. 2151.031(B) AND A DEPENDENT CHILD PURSUANT TO R.C. 2151.04(C).

{¶8} Mother's second assignment of error is that the evidence at the adjudicatory hearing failed to support the trial court's adjudication of E.B. as an abused child under R.C. 2151.031(B) and as a dependent child under R.C. 2151.04(C). R.C. 2151.031(B) defines an abused child as one who "[i]s endangered as defined in section 2919.22 of the Revised Code[,]" which prohibits the parent of a minor child from "creat[ing] a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." R.C. 2151.04(C) defines a dependent child as one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]"

{¶9} The trial court heard substantial evidence to support its conclusion that Mother created a substantial risk to the safety of E.B. through her attack against Grandmother in the vehicle in which E.B. was a passenger and that, based on Mother's actions during and after that incident, the child's environment warranted the state to assume guardianship of her.

Grandmother testified that, on June 19, 2015, she picked up Mother from a medical appointment with E.B. in her vehicle. Mother was upset after the appointment and, during their conversation in the vehicle, Mother's emotions continued to escalate and she began screaming at Grandmother. Grandmother explained that, while she was driving on the highway, Mother threatened to jump out of the moving vehicle.

{¶10} According to Grandmother, she pulled the vehicle off the highway onto a side street and, while she was still driving down the street, Mother began to strike her in the head and shoulder with her fists and a cane. Grandmother further explained that, because "blood was just everywhere" and she ducked down to protect her head from Mother's repeated blows, she was unable to see where she was going. She was able to bring the vehicle to a stop without further physical injury to anyone. After she stopped the vehicle, Grandmother told Mother to get out of the car, which she did, and Grandmother drove away. Grandmother had dropped her cell phone during the scuffle but was able to call for help via her vehicle's OnStar system.

{¶11} Police and paramedics responded to the scene. The paramedics treated Grandmother's injuries at the scene. The police took photographs of her injuries, which were introduced into evidence. According to Grandmother, she still had scars and bruises at the time of the hearing, two months after the incident.

{¶12} The CSB intake caseworker testified that, when she met with Grandmother, her shirt was "completely bloody all over." She explained that she found Grandmother another shirt to wear because she did not want E.B. to continue to see her in the bloody clothing. The caseworker expressed concern that E.B. had witnessed Mother repeatedly strike Grandmother in the vehicle and that the incident had occurred while Grandmother was driving E.B. in a moving vehicle.

**{¶13}** Mother's argument focuses on her testimony that contradicted some of Grandmother's testimony. Although she admitted that she struck Grandmother and that she had caused her to bleed, she denied that the vehicle was moving when she struck Grandmother. In addition to her inherent motive to defend herself, Mother's own testimony gave the trial court reason to question its credibility. As Mother testified about the incident, she explained that she was extremely upset, started having flashbacks about her childhood, and was not even aware that she had hit Grandmother until she came back to her senses.

**{¶14}** Moreover, it was for the trier of fact to assess the credibility of Mother and Grandmother and resolve conflicts in their testimony. *See State v. Bennett*, 9th Dist. Lorain No. 12CA010286, 2014-Ohio-160, ¶ 59. It is apparent from the trial court's adjudication that it found Grandmother's testimony more credible, which was within its province as trier of fact. *See id.* Because Mother has failed to demonstrate that the trial court's adjudication was not supported by the evidence adduced at the hearing, her second assignment of error is overruled.

III

**{¶15}** Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

GINA D'AURELIO, Guardian ad Litem.